32    713
93    189

## BUGBEE *vs.* HOWARD.

[BILL IN EQUITY BY JUDGMENT CREDITOR FOR REDEMPTION OF LANDS SOLD UNDER DECREE OF FORECLOSURE IN CHANCERY.]

1. *Constitutionality of redemption law.*—The redemption law of 1842, (Clay's Digest, 502, § —,) in its operation upon pre-existing mortgages, is not violative of the provisions of the State and Federal constitutions respecting laws which impair the obligation of contracts.

2. *Proof of tender.*—Where three witnesses testify to the amount tendered, each specifying a different sum, the complainant's only witness, who was the agent by whom the tender was made, cannot be considered discredited by the other two, when no sufficient reason is shown for doubting his integrity, and it does not appear that any special circumstances existed which were calculated to impress the facts on the memory of the others.

APPEAL from the Chancery Court at Montgomery. Heard before the Hon. WADE KEYES.

46

THIS bill was filed by Francis Bugbee, against Thacker B. Howard, and sought to redeem a certain tract of land, which had been sold under a decree of foreclosure in chancery, and bought at the sale by said Howard. The mortgage, under which the land was sold, was executed by Enoch Parsons to Mrs. Sarah Tait, on the 9th December, 1836, to secure the payment of nine promissory notes, which fell due, at different times, between the 1st July, 1837, and the 1st January, 1841. The mortgagor died in 1841, and letters testamentary on his estate were granted to Mrs. Catherine C. Parsons, his executrix, on the 27th September, 1841; but these letters were subsequently revoked, and letters of administration with the will annexed were granted to Joseph D. Hopper on the 9th June, 1845. Mrs. Tait died in 1839, and Thacker B. Howard, the defendant in this suit, qualified as her executor. The bill for the foreclosure of the mortgage was filed by said Howard, as executor, on the 30th March, 1846. The decree of foreclosure was rendered at the February term, 1847, of the chancery court at Hayneville; and the sale under this decree, at which said Howard became the purchaser, was made on the first Monday in September, 1848. The complainant's judgment, under which he claims the right to redeem, was rendered at the April term, 1843, of the circuit court of Monroe, against the executrix of said Enoch Parsons, in a suit instituted against her testator in September, 1840. The bill to redeem was filed on the 24th October, 1853, and alleged a tender on the 29th August, 1850.

On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without assigning any reason for his decree; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for appellant.

GOLDTHWAITE & SEMPLE, *contra.*

(No briefs have come to the hands of the reporter.)

WALKER, J.—This case presents the question, whether the redemption law of 1842, in its operation upon pre-existing mortgages, is constitutional. If the effect of that

law is to impair the obligation of the contract between the mortgagor and mortgagee, it violates the 19th section of the first article of the constitution of the State of Alabama, and the tenth section of the first article of the constitution of the United States.

Our statute of 1825, allowing the redemption of real estate sold unde *fieri facias* is in every particular identical with that which allows the redemption of land sold under a decree for the foreclosure of a mortgage. Clay's Digest, 502, 503, §§ 1, 2, 3, 4, 5. In the case of Iverson v. Shorter, 9 Ala. 713, this court decided, that the operation of the statute upon sales made under execution did not impair the obligation of the contract, even though judgment was rendered and a lien had attached before the law went into force. That decision was re-affirmed in Beck v. Burnett, 22 Ala. 822. The question here is not distinguishable from that which was decided in Iverson v. Shorter. A sale under mortgage, when effected under a decree of foreclosure, is no more an obligation of the contract of mortgage, than is a sale under execution an obligation of the contract upon which the judgment at law is predicated. The sale under a decree for the foreclosure of a mortgage, and a sale under execution, are alike remedies for the enforcement of the contract.

Our decision of Iverson v. Shorter was made after the decision of the supreme court of the United States in the case of Bronson v. Kinzie, 1 Howard, 311, and the latter is cited in the former. It thus appears, that our predecessors who decided the case of Iverson v. Shorter did not deem the decision in Bronson v. Kinzie as conclusive of this question. We cannot reconcile the two decisions. The decision in Iverson v. Shorter is a plain departure from the principle upon which the supreme court of the United States asserted, in Bronson v. Kinzie, the unconstitutionality of the statute of Illinois allowing a redemption of lands sold under a decree of foreclosure made before the passage of the act. There was a dissenting opinion in that case by Mr. Justice McLean; and in our opinion, that case is not sustained by the principle laid

down in Greene v. Biddle, 8 Wheaton, 1, that statutes affecting the remedy do not impair the obligation of a contract, unless they materially impair the rights and interests of the party. This principle has since been repeatedly recognized, both by our Federal and State tribunals.—Curran v. State of Arkansas, 15 Howard, 304; McCracken v. Hayward, 2 How. 608; Chadwick v. Moore, 8 Watts & S. 49; Catlin v. Munger, 1 Texas, 598; Tarpley v. Hamer, 9 S. & M. 310; James v. Stull, 9 Barb. Sup. Ct. R. 482; Butler v. Palmer, 1 Hill's (N. Y.) Rep. 324; Sturges v. Crowningshield, 4 Wheat. 200; Rockwell v. Hubbell, 2 Doug. (Mich.) R. 197; 2 Parsons on Contracts, 530 to 536; Sedgwick on Stat. & Con. Law, 644 to 652; Ogden v. Saunders, 12 Wheaton, 260; Call v. Hagger, 8 Mass. 429.

It has been held, that laws relieving debtors from imprisonment for debt, exempting a portion of his property from execution, staying a sale under execution for one year unless the property was sold for two-thirds of its value, postponing the prior right of mortgages not recorded, increasing the period of advertisement antecedent to a sale under process, shortening to a reasonable extent the period of limitation, and the like, do not impair the obligation of contracts. We cannot perceive a ground for discrimination, upon principle, between the constitutionality of such statutes, and the Alabama statute of redemption. They all, perhaps, may affect to some extent the interests of the parties to the contract, by the modifications of the remedy; but there is, it seems to us, no just ground for a discrimination against our redemption laws, upon the question of the *extent* to which the interests of the party are affected.

If we concede the argument, that the power of the legislature to give such laws as we have mentioned an application to past contracts is referrible to the inherent right of a State to pass such laws as are essential to its police or internal economy, a decision against the constitutionality of the act now in question would not necessarily follow. The same principle would operate in favor of the constitutionality of the redemption law, quite as well

as of any of the other acts alluded to. When, from unexpected and sudden revolutions, and disasters in trade and commerce, or from war, or any other cause, a general and extended sacrifice of property by forced and unqualified sales under process, giving rise to pauperism, destitution, and a deprivation of the means of a comfortable and independent subsistence, would result, it would seem as important to the police and social economy of the State, that it should have the power of interposing by redemption laws, not materially interfering with the rights of creditors, as that it should have the power of exempting property from execution. Chief-Justice Gibson, in Chadwick v. Moore, *supra*, asserted the competency of a State legislature to relieve the public from the pressure of sudden distress, by arresting the general sacrifice of property through the machinery of the law, without a material interference with the rights of creditors.

A decision by us against the constitutionality of the redemption law could not be revised in the supreme court of the United States. Our decision in favor of its constitutionality can be. This court, since the decision in Bronson v. Kinzie, has taken a position in favor of the constitutionality of the laws, in their operation upon past contracts. That part of the decision in Bronson v. Kinzie, which has a direct application to this case, has not since been directly asserted by the supreme court of the United States; and the decision itself has never commanded the approval of the entire court. We have a thorough conviction in favor of the power of the legislature to pass the law, and to give it application to existing contracts. For these reasons, we conclude to stand upon our decision in Iverson v. Shorter, and to permit the question to again go before the supreme court of the United States, if it is desired by the appellee.

[2.] Three witnesses testified as to the amount of money tendered. One was examined by the complainant, and proved the tender of a sum sufficiently large to meet the requisitions of the law. Two witnesses examined by the defendant prove the tender of a less amount. No two of the witnesses agree as to the amount of the tender. The

amount proved by the complainant's witness is $254 25. The amount proved by one of the defendant's witnesses was $244. The amount proved by the other was $234. It is evident, that two of these witnesses are in error as to the amount, and one of them is doubtless right. Which two are in error? It is contended for the defendant that we must hold the plaintiff's witness to be in error, because he is contradicted by the defendant's two witnesses. On the contrary, the same rule would prevent us from relying upon the testimony of either of the defendant's witnesses, because each is contradicted by the other and the plaintiff's witness. There is no sufficient reason to doubt the integrity of any of them. The point is to be determined by a comparison of the claims of the respective witnesses to a reliance upon their recollection. The claims of the complainant's witness, in that particular, are far superior to those of the defendant. The complainant's witness was sent under a power of attorney to make the tender;. the calculation requisite to ascertain the proper amount was very simple; and it would have been strange if his employer had sent him, or he had gone, with a few dollars less than the requisite amount, without detecting the error. It was the business of the witness to tender the proper amount, and to remember it. He also counted the money, and kept a memorandum of the amount. It is impossible to say that this witness did not know certainly when he testified what was the amount; and if he has not stated it correctly, he has committed perjury. It is not so with the other witnesses. There does not appear to have been any sufficient reason to impress upon their memories the precise sum tendered, or to aid their recollection. There is a disagreement of the witnesses in their statement of what was said, and of the persons present. This may be attributed to frailty of memory, and a difference in attention or observation, without an imputation upon any of the witnesses. We do not regard the complainant's witness as discredited by such disagreement.—22 Ala.563; 5 Ala. 698.

The decree of the court below is reversed, at the costs of the appellee; and we proceed to render the decree which we think the court below ought to have rendered, as fol-

lows: It is ordered, adjudged, and decreed, that upon the payment to the register of the chancery court for Montgomery county, for the defendant, of the sum of two hundred and fifty-two dollars, and upon his receipting in full the judgment in his favor against Catherine R. Parsons, executrix of Enoch Parsons, described in the complainant's bill, all the right, title and interest, either at law or in equity, vested in the defendant by his purchase under the decree of foreclosure described in the complainant's bill, be divested out of him, the said defendant, and vested in the complainant; and that the register report to the said chancery court the fact of the making of such payment, and ascertain and report in like manner whether such receipt has been executed; and it is further adjudged, that after such payment and receipt, a decree shall be rendered against the defendant, for the costs of the court below. The cause is remanded for further proceedings in pursuance to the foregoing decree.

STONE, J., not sitting.