# CURRY *vs.* LANDERS.

[BILL IN EQUITY TO RESTRAIN SALE OF LAND UNDER EXECUTION.]

1. *Lien of judgment on land.*—Section 2456 of the Code, making a judgment a lien on the real estate of the debtor only from the time of the delivery of an execution to the sheriff, applies to judgments rendered before its adoption, and, in its application to such judgments, is not violative of any constitutional provision.

APPEAL from the Chancery Court of Talladega. Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed by James B. M. Landers and Emlay Russell, against William Curry and the commissioner of the State Bank and Branches, for the purpose of enjoining the sale of a certain tract of land under execution. The land in controversy was conveyed by an Indian reservee, in August, 1836, to Gideon Riddle and James Hall, who, in March, 1840, conveyed the same to one Powell, as trustee, to secure a debt due to one John Neal. At the trustee's sale under the deed, on the 14th August, 1842, John Neal became the purchaser, and, on the 14th December, 1846, sold and conveyed it to David Riddle, who, on the 8th March, 1851, sold and conveyed to Landers; and the latter afterwards sold and conveyed a half-interest to his co-complainant, Russell. The execution levied on the land was issued on a judgment in favor of the Branch Bank at Montgomery, against said Gideon Riddle and others, rendered on the 10th March, 1837; and was levied on the 25th August, 1854. The last previous execution on the judgment was issued in June, 1845, and was levied on another tract of land, as the property of said Gideon Riddle, which the defendant Curry claimed as a sub-purchaser from said Riddle; but the sheriff's proceedings under the levy were superseded by an arrangement between Curry and the bank, by which the former became the owner of the judgment; and the execution sought to be enjoined in this case, was

afterwards issued at the instance of Curry, and for his benefit. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, perpetually enjoining the execution; and his decree is now assigned as error.

J. WHITE, with WHITE & PARSONS, for the appellants, contended that the lien of judgments, rendered before the adoption of the Code, was not affected by its provisions; and that it was not competent for the legislature to destroy the lien of existing judgments; citing to this point the following authorities: 1 Kent's Com. 455; Bronson v. Kinzie, 1 Howard, 311; 1 Blackf. 220; 7 Watts, 300; 16 Serg. & R. 35; 8 Wheaton, 84; 2 Gallison, 141; 1 N. H. 214; 7 Johns. 505; 2 Modern, 310; 5 Sm. & Mar. 470.

JAS. B. MARTIN, *contra*, cited and relied on Daily v. Burke, 28 Ala. 328; and Iverson v. Shorter, 9 Ala. 713.

A. J. WALKER, C. J.—In Daily v. Burke, 28 Ala. 328, it was decided, that the statute giving to judgments, from their rendition, a lien on land, was repealed by the adoption of the Code; and the constitutional power of the legislature to abrogate a lien upon real estate given by the pre-existing law, by the repeal of the law, was treated as a conceded question. We are now invited by the argument of appellant's counsel to reconsider the question of the power of the legislature to take away the previously acquired lien. That precise point was necessarily involved in the case of Iverson v. Shorter, 9 Ala. 713, and was decided adversely to the view presented by the appellant. That decision was quoted as a precedent, without disapproval, in Beck v. Burnett, 22 Ala. 822; and in Bugbee v. Howard, 32 Ala. 713, it was expressly approved, in a decision which was made after a careful consideration of the subject.

Such being the state of our decisions, we regard the point, that the legislature may take away a lien given by statute upon real estate, by repealing or modifying the operation of the statute under which it was acquired, as

*res adjudicata* in this State. We regard the exercise of such a power by the legislature as affecting the remedy only, and as not impairing the obligation of the contract. These views of the law lead us to the conclusion, that the lien of the defendant's judgment, if not otherwise lost, was at least taken away by the legislature.

The decree of the chancellor is affirmed.