# Garner *et al* v. Foster & Gardner.

*Bill in Equity by Judgment Creditor, to redeem Lands sold under Mortgage.*

*Who may redeem lands sold under mortgage.* — A creditor who recovers judgment in a suit commenced against the executor of his deceased debtor, within two years after the sale of the debtor's lands under a mortgage given by him, has a statutory right (Rev. Code, § 2513) to redeem from the purchaser.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed by the appellees, suing as partners, to redeem a certain tract of land which had been sold under a mortgage executed by John R. Drish in his lifetime, and purchased at said sale by Charles Hopkins & Co., who afterwards sold and conveyed to the defendants. John R. Drish died in July, 1867. The lands were sold under the mortgage in February, 1869. The complainants asserted a right to redeem under a judgment which they had recovered on the 16th day of September, 1869, against the executor of said Drish, in a suit commenced against him on the 23d day of June, 1869, which was founded on a promissory note executed by said Drish in his lifetime. The chancellor overruled a demurrer to the bill for want of equity, and, on final hearing, rendered a decree for the complainants; and his decree is now assigned as error.

M. L. STANSEL, for appellants.

L. M. STONE, *contra*.

B. F. SAFFOLD, J. — Has a creditor who has recovered a judgment by suit commenced against the executor of his debtor, within two years after the sale of the debtor's land under a mortgage given by him, a right to redeem it from the purchaser under section 2513 of the Revised Code? The section gives the right of redemption to a creditor of the debtor upon a judgment obtained within two years after the sale. This statute does not differ materially, in any respect involved

in this case, from the Act of 1842, "to prevent the sacrifice of real estate " (Clay's Dig. p. 502), the *bonâ fide* creditor there spoken of having been decided to be a judgment creditor. The Act of 1842 was more obscure in reference to the time when the judgment must have been obtained. In *Jones & Blair* v. *Burden* (20 Ala. 382), its operation was held not to have been affected by the death of the judgment debtor after the sale, notwithstanding the lien of the redeeming creditor's judgment may have been thereby lost. The court says : " The judgment remains, and the complainant is a judgment creditor." *Bugbee* v. *Howard* (32 Ala. 713) was a case similar to this in every respect, except that the suit was instituted against the debtor, and the judgment recovered against his executrix. It is true that, in that case, the right of the creditor to redeem was not questioned. No difference in the effect of a judgment against an executor is perceptible, whether rendered in a suit commenced before or after the death of the testator. In either case, it is against that which can alone give it value, to wit, the debtor's property. As to the administration of the debtor's estate, the rights of distributees, including the widow as such, whether her claim be of dower or otherwise, are either independent of, or subservient to, the rights of the creditors. And in regard to the equality of the creditors, they retain against the representative all the rights which they had against the decedent, while their rights in relation to each other remain unaffected. Of course, the purchaser is not injured, as the purchase is made in view of somebody's right to redeem. We think the complainants in the bill are entitled to redeem.                                              The decree is affirmed.