# Osborn *v.* Johnson Wall Paper Company.

| 99 | 309 |
| 100 | 221 |
| 99 | 309 |
| 131 | 69 |

*Action by Contractor and Material-man, to enforce Statutory Lien.*

1. *Notice before filing claim of lien; constitutional provision as to laws impairing remedy for enforcement of contracts.*—The provision contained in the act approved February 12, 1891, requiring ten days notice to be given by a person claiming a mechanic's or material-man's lien before filing his claim of lien (Sess. Acts 1890-91, p. 578, § 5), applies to liens claimed under contract made prior to the passage of the statute, the work not having been commenced in this case until after its passage; and this application of the statute does not make it offend the constitutional provision prohibiting laws impairing the obligation of contracts or the remedy for their enforcement.

[Osborn v. Johnson Wall Paper Co.]

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

This action was brought by the Johnson Wall Paper Company, a private corporation, against J. A. Osborn; was commenced in a justice's court, on the 3d June, 1891, and sought to enforce a statutory lien on certain property belonging to the defendant, which was particularly described, for work done on it and materials furnished by plaintiff as an original contractor. The complaint claimed $61.50, with interest from February 25th, 1891, as due and owing by defendant to plaintiff, for work done and materials furnished under contract between the parties made on the 1st February, 1891, for building and improvements on the lot described; and it alleged that a claim for a statutory lien was duly filed in the office of the probate judge of Jefferson within two months after the indebtedness had accrued. There was no demurrer to the complaint. The defendant filed two pleas: (1) that the work was so badly done it was worthless; and (2) "that the ten days notice required by law that he looked to the property mentioned in said complaint for the payment of said work or improvements was not given to defendant, his agent or architect, nor left at his residence, and hence plaintiff has no lien on said property." The plaintiff took issue on the first plea, and demurred to the second, on the ground that "the contract, for the work for which a lien is claimed under the complaint, was made before the passage of the law requiring ten days notice, as set out and referred to in said second plea, to-wit, February 1, 1891, and said ten days notice was never required under the law in force when said contract was made." The court sustained the demurrer, and the cause was tried on the issue joined on the first plea; a jury being waived by consent, and the cause submitted to the decision of the court.

On the trial, the evidence showed that the contract between the parties was made on the 1st February, 1891; that the work was to be done for $61.50, and was to be a "a first-class job;" that the work was commenced after the 12th February, and finished about the 17th. The plaintiff's evidence tended to show that the work was "a first-class job;" and that plaintiff complied with all the provisions of the law giving and regulating the lien of mechanics and material-men, as it existed prior to February 12th, 1891; and plaintiff read in evidence a paper written by defendant ninety days after the completion of the work, in which he promised to pay for the same. The defendant's evidence tended to show that the work was not well done—that some

[Osborn v. Johnson Wall Paper Co.]

of the paper came loose from the wall within ninety days after it was put on; and he proved, also, "that plaintiffs did not give notice to him, his agent or architect, ten days before filing his lien, that plaintiff looked to his lien on said house for the payment of his said claim against defendant." This being substantially all the evidence, the court rendered judgment for the plaintiff, and declared a lien on the property as claimed. The defendant excepted to this judgment, and he here assigns it as error, together with the ruling on the demurrer to his second plea.

BULGER & HEFLIN, for appellant.—The law now of force, and which was in force when the work was done which is the basis of this action, requires ten days notice to be given before filing claim of lien; and it is admitted that this notice was not given. As applied to this case, the law is not obnoxious to constitutional objections.

WADE & VAUGHAN, contra, cited Chandler v. Hanna, 73 Ala. 393; Plumb v. Sawyer, 21 Conn. 351; 96 U. S. 595; 44 Wis. 652; 3 Harr. Del. 344.

HARALSON, J.—The only question presented for our review in this appeal is, whether the claim of the plaintiff for a lien must have been asserted under the mechanics' and material-men's lien law, as amended by act of February 12, 1891 (Acts of 1890-91, p. 578), or under the law of Code as it stood before the amendment. That said act was a mere amendment of the former law, and not a repeal of the old and the adoption of a new system on that subject, we have had occasion at this term to decide.—Birmingham Building & L. Asso. v. May & Thomas Hardware Co., ante, p. 276, and Colby v. St. James (Colored) M. E. Church, ante, p. 259. If the former, and not the amended statute applies, it is conceded the plaintiff was entitled to the declaration and enforcement of a lien as awarded by the court; but, if by the latter, the ruling and judgment of the court are erroneous.

The repeal of a number of the sections of the Code, and their substitution by said amendatory act, was an enlargement of the rights of mechanics and material-men, and was designed to make a better and more perfect system of laws on that subject, and not to take away, or render less valuable, the remedies for the enforcement of such statutory liens.

The only point of controversy grows out of section 5 of the amendatory act,—the plaintiff's contention being, that a new right of duty was therein prescribed, which impaired

his contract and lien, and was, therefore, void as to him, leaving him for the assertion of his rights under the former statute; and that of the defendant, that said section did not have any such effect, and plaintiff was bound to pursue the remedy supplied under the amended law, which he did not do, and, therefore, lost his lien.

A builder's and mechanic's lien, as has been everywhere held, is of purely statutory origin. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. While every lien of this kind has a contract as its foundation, it is created rather by the law than by the contract of the parties, is analogous to the vendor's lien for the purchase-money of land, and is based on a like reason—that it is unconscionable for a vendee to retain the vendor's property and not pay the price he agreed to pay for it. It is the work of mechanics and laborers or materials furnished by them and others, by which value is added, or supposed to be added to property, which in all good conscience the proprietor ought to pay for, which constitute the foundation of the lien under the statute.—*Copeland v. Kehoe*, 67 Ala. 597; *Chandler v. Hanna*, 73 Ala. 391; *Wadsworth v. Hodge*, 88 Ala. 503; Phillips on Mechanic's Liens, § 1.

In keeping with these principles, we have uniformly held, that in order to avail himself of this right and remedy, the lienor must comply substantially with the requisitions of the statute, in respect to filing a just and true account of the demand, properly verified, in the office of the judge of probate, within the time required. It must be perfected in the manner authorized. The jurisdiction and the remedy, being prescribed, can be exercised and pursued only in the tribunals and in the mode provided by the statute.—*Chandler v. Hanna, supra; Globe Iron R. & C. Co. v. Thatcher*, 87 Ala. 458; Phillips on Mechanics' Liens, § 21; 1 Jones Liens, § 106.

The authorities hold, also, that, a statute creating a lien may be modified or repealed by statute, the only difference between them being, as to the effect such changes or repeals may have on existing contracts. In *Curry v. Landers*, 35 Ala. 280, for instance, this court said, that the constitutional power of the legislature to abrogate a lien upon real estate given by the preexisting law, by the repeal of the law, is a conceded question, and that it regarded the exercise of such a power by the legislature as affecting the remedy only, and not as impairing the obligation of the contract. To the

same effect are *Martin v. Hewitt*, 44 Ala. 435, and *Ex parte Pollard*, 40 Ala. 88, and authorities in those cases.

These decisions were under the constitutions of this State, prior to our present constitution, which, in addition to the prohibition in former constitutions, against the right of the State to pass a law impairing the obligation of contracts, contains the provision, that, "There can be no law of this State impairing the obligation of contracts, by destroying or impairing the remedy for their enforcement." Art. III, § 56.

We have examined and collated the decisions of the Supreme Court of the United States bearing on the construction of this clause of our constitution, and our conclusions are, as drawn from those decisions, that a remedy subsisting in a State when and where a contract is made and is to be performed, is a part of the obligation, and any subsequent law of the State which so affects that remedy, as substantially to lessen the value of the contract, is forbidden by the constitution, and void; that if a particular form of proceeding is prohibited, and another is left or provided, which affords an effective and reasonable mode of enforcing the right, the obligation is not impaired; that the legislature has the control, and may enlarge, limit or alter modes or proceedings and forms to enforce a contract, provided it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the right; that the remedies for the enforcement of obligations which exist when the contract was made, must be left unimpaired by the legislature, or, if they are changed, a substantial equivalent must be provided.—*Edwards v. Williamson*, 70 Ala. 145, *Edwards v. Kirksey*, 96 U. S. 600; *Tennessee v. Sneed*, 96 U. S. 74; *Kring v. Missouri*, 107 U. S. 233; *Antoni v. Greenhow*, 107 U. S. 798; *Mobile v. Watson*, 116 U. S. 305; *Seibert v. Lewis*, 122 U. S. 284; *Denny v. Bennett*, 128 U. S. 495.

The 5th section of the amendatory act of 1890–91, reads, "That any person holding claims under this statute, shall give notice to the owner or proprietor, his agent or architect ten days before filing his lien, giving the amount of his claim, and that he looks to his lien on the building, improvement article or utility, for the payment of his claim; *provided*, that, if such notice is left at the residence or place of business of the owner or proprietor, his agent or architect, it shall be deemed a full compliance with this section." This section does not impair the remedy for enforcing a lien growing out of a contract made before the enactment of

[Western Union Telegraph Co. v. Cunningham.]

the amendatory act, or lessen the value of the contract on which it is based, in any degree. The remedy is as perfect as before. The object of this section, was not to diminish the rights of the lienor under the law, but, without doing so, to require justice to be done to the proprietor, to save him loss and damage. With such a notice as here prescribed, the proprietor might retain from the contractor and save himself, and pay on demand or notice, without cost and litigation, and this with as complete and unimpaired a remedy as the contractor enjoyed before.

The court erred in sustaining plaintiff's demurrer to the 2d plea, and in rendering judgment for plaintiff below.

Reversed and remanded.