(77 South. 61)

## HORACE TURNER & CO. v. MUNSON S. S. LINE. (1 Div. 214.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. DAMAGES ⊙⟝22—BREACH OF CONTRACT.

Where plaintiff alleges a contract existing between him and defendant, and a breach by defendant, plaintiff is entitled, in the absence of special circumstances, to such damages as would generally result from the breach, according to the usual course of things.

2. SHIPPING ⊙⟝131—FAILURE OF STEAMSHIP COMPANY TO NOTIFY OF LOCATION OF SHIPMENT—DAMAGES.

Where a shipper of lumber by steamship made a contract with the steamship company for consideration whereby the company was to inform the shipper of the place, whether above or below decks, where the lumber was to be loaded, with the knowledge on the part of the company that its location would affect the validity of insurance, which the company knew the shipper had contracted for, or would contract for, and the company failed to notify the shipper that the lumber was placed above decks, so that he insured it as below decks, and was unable to collect from the insurer for the loss when the lumber was jettisoned or thrown overboard, the steamship company was liable to the shipper for the amount of the insurance which he lost.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Suit by Horace Turner & Co. against the Munson Steamship Line. From a judgment of nonsuit, plaintiff appeals. Judgment reversed, and cause remanded.

The plaintiff in the court below (appellant here) brought its original suit declaring in four counts for a breach of a contract. The

first three counts were the common counts, and were not afterward considered in the pleadings which followed. The fourth count undertook to set up the following facts: Plaintiff, on the 10th day of June, 1913, and a long time prior thereto, was engaged in the export lumber business at Mobile, Ala. On and before that date, defendant was a common carrier of goods for hire or reward, operating a steamship line between Mobile, Ala., and various other ports. On the 10th day of June, 1913, the plaintiff tendered to the defendant as a common carrier a shipment of lumber consigned to Cienfuegos, Cuba, for the benefit of the plaintiff. The defendant accepted the lumber and loaded it onto one of its steamboats, and issued to the plaintiff a bill of lading therefor. On the 10th day of June, 1913, and before that time, there existed a custom or implied agreement between the plaintiff and defendant that, when defendant had loaded any shipment of lumber tendered onto one of its steamships, it would issue a bill of lading therefor, and if said shipment, or any part thereof, was loaded on deck of said steamship, the defendant would make a notation or memorandum on the bill of lading so issued, showing what part, if any, of said shipment was loaded on the deck of said steamship. If no part of said shipment was loaded on the deck of said steamship, then the absence of such notation on the bill of lading would convey to the plaintiff the information that such shipment was loaded under deck.

The bill of lading for this shipment, issued June 10, 1913, contained no memorandum or notation as to the location of the lumber on the steamship, and from this custom which existed between the plaintiff and defendant plaintiff understood the shipment to be loaded under deck. Relying upon this information and acting thereon, the plaintiff obtained marine insurance on said shipment as being loaded under deck; the rate of insurance on lumber loaded on deck being higher than on lumber loaded under deck. On June 14, 1913, on its voyage between Mobile and Cienfuegos, the cargo of lumber, having in fact been loaded all on deck, was thrown overboard by those in charge of the steamship on account of the perils of the sea, and plaintiff claims that because of the breach of the contract plaintiff was damaged to the amount of the value of the lumber.

Demurrers were interposed to this count and sustained. The count was amended, and on account of adverse rulings either on motions to strike or demurrers the complaint was subsequently amended by the addition of several counts and amended counts, among which is count 10, in the following language:

"(10) The plaintiff claims of the defendant the further sum of $850 damages for the breach of a certain contract or agreement entered into between the plaintiff and defendant on or about the 10th day of June, 1913, by the terms of which agreement, the defendant, in consideration of the delivery of 25,456 superficial feet of yellow pine lumber by the plaintiff to the defendant, as a common carrier for hire, for shipment, to be delivered to Eduardo de' Mazarrado, agent for the Soledad Sugar Company, Cienfuegos, Cuba, for the benefit of the plaintiff, agreed with the plaintiff that upon the loading by the defendant onto one of its steamships of such shipment of lumber the defendant would, by placing a notation or memorandum on the bill of lading which the defendant would issue to the plaintiff for such shipment of lumber, inform the plaintiff if such lumber, or any part thereof, was loaded on deck of said defendant's steamboat, knowing that such information was necessary to enable the plaintiff to notify the insurance company if such lumber or any part thereof was loaded on deck of said steamboat, and obtain marine insurance on such lumber loaded on deck, which, as defendant knew, the insurance company had agreed to issue to the plaintiff, upon such information being furnished by the plaintiff.

"That on, to wit, the 10th day of June, 1913, the plaintiff tendered to the defendant, as a common carrier for hire, 1,288 pieces of yellow pine lumber, containing 25,456 superficial feet, consigned to Eduardo de Mazarrado, agent for the Soledad Sugar Company, for the benefit of plaintiff, which defendant accepted for shipment for hire, and loaded same on deck of one of its steamboats, namely, the steamboat Trym, and issued to the plaintiff bill of lading therefor; that defendant breached said agreement, in this, that defendant failed to inform the plaintiff that such lumber or any part thereof was loaded on the deck of said steamboat, in this, that defendant failed to place any notation or memorandum on said bill of lading as it had agreed to do; that by reason of said breach by the defendant of its said contract with the plaintiff plaintiff was damaged in the sum of $850, in this, that because of the breach of said agreement by the defendant the plaintiff did not and could not inform the insurance company that said lumber was loaded on deck of said steamboat, and did not obtain marine insurance on such lumber loaded on deck; that by the absence of the notation or memorandum on the bill of lading plaintiff understood that the said cargo was loaded under deck, and effected marine insurance on said cargo loaded under deck; that said lumber was, on, to wit, the 14th day of June, 1913, jettisoned by those in charge of said steamboat, on account of the perils of the sea, and not through any negligence of the defendant, without any insurance having been effected thereon as loaded on deck; that but for the breach of said agreement by the defendant plaintiff would have informed the insurance company that such lumber was loaded on deck of said steamship, and the insurance which said insurance company had agreed to issue on said cargo of lumber would have been effected thereon in the sum of $850; that such insurance would have covered the loss occasioned by the jettisoning aforesaid, and the plaintiff would have been paid by the insurance company the amount of such insurance by the loss occasioned by the said jettison—all to the plaintiff's damage in the sum of $850, to recover which sum of money, with the interest thereon, he brings this suit."

A motion was made by the defendant to strike portions of this count, which motion being granted by the court, the plaintiff took a nonsuit, on account of the adverse rulings of the court, and from the judgment of the court he appeals.

Armbrecht, McMillan & Caffey, of Mobile, for appellant. Harry T. Smith & Caffey, of Mobile, for appellee.

SAMFORD, J. For the purposes of a decision in this case, it will only be necessary to notice specifically the rulings of the court on the motion to strike the claim for special damages, as set out in the tenth count of the complaint.

[1] It is clear that in the tenth count the plaintiff has alleged a contract existing between the plaintiff and the defendant, and a breach of that contract. This would entitle the plaintiff, if there were no special circumstances in the case, to such damages as would generally result from such breach, according to the usual course of things, but in this case the plaintiff alleges special circumstances in the contract which take it out of the usual course of things. In the case of Daughtery v. Amer. Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435, Mr. Justice Stone says, "Very many contracts have this character," and he cites the following as being some of them: Ill. Central R. R. Co. v. Cobb, 64 Ill. 128; Booth v. Spuyten Duyvil R. M. Co., 60 N. Y. 487; Randall v. Raper, El., Bl. & El. (Q. B.) 84—and follows these citations by saying:

"If these special circumstances be unknown, not communicated, then they are not the natural result of the breach; for they did not result from it in the usual course of things. If, however, they are communicated, they become an implied element of the contract, and parties are presumed to contract in reference to such special circumstances."

In the leading case of Hadley v. Baxendale, 9 Exch. 341, it was said of damages that may be recovered on a breach of contract that:

They "should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." W. U. T. Co. v. Bowen, ante, p. 253, 76 South. 985.

In volume 1, Sutherland on Damages, p. 188, par. 50, it is said:

"It is a rule of interpretation, too, that the intention of the parties is to be ascertained from the whole contract considered in connection with the surrounding circumstances known to them; if it appear by such circumstances that the contract was entered into and known by both parties to be entered into to enable one of them to serve or accomplish a particular purpose, whether to secure a special gain OR TO AVOID AN ANTICIPATED LOSS [capitals ours], the liability of the other for its violation will be determined and the amount of damages fixed with reference to the effect of the breach in hindering or defeating that object."

In 8 R. C. L. par. 27, p. 459, it is said:
"In addition to general damages, the injured party is entitled to recover special damages which arise from circumstances peculiar to the particular case, where those circumstances were communicated to or known by the other party at the time the contract was made; that is, he may recover such damages as are the reasonable and natural consequence of the breach under the circumstances so disclosed as may reasonably be supposed to have been in the contemplation of both parties."

In the case of Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 434, 52 South. 844 (29 L. R. A. [N. S.] 194, 140 Am. St. Rep. 47) Mr. Justice Sayre, in approving the rule as laid down in the case of Lonergan v. Waldo, 179 Mass. 135, 60 N. E. 479, 88 Am. St. Rep. 365, says:

"The courts generally assent to the proposition that, if the plaintiff's special ulterior purposes in making the contract are disclosed, they then become an element of the duty thereby imposed upon the defendant, and afford a substantial basis for the assessment of special damages."

And if in the making of a contract there is an innocent misrepresentation of one of its terms or conditions, and a party suffer thereby, it operates to give the party suffering the damage a right of action ex contractu for damages which he has sustained by the breach. 9 Cyc. p. 410. The line of cases cited by appellee's counsel do not apply in cases of this kind.

[2] This case does not rest upon a contingent contract to be made with a third party, but the plaintiff made a contract with the defendant, for a consideration, by the terms of which the defendant was to inform plaintiff of the place where the lumber was to be loaded upon the defendant's vessel, with a knowledge on the part of the defendant that its location on the vessel would affect the validity of insurance which the defendant knew the plaintiff had contracted for or would contract for.

By the failure to notify the plaintiff as defendant had agreed to do the plaintiff did not fail to insure the property, but failed to insure it in such way as that the contract of insurance would be valid and enforceable; the defendant knowing all the time that the plaintiff was insuring his property against the perils of the sea, and that it was necessary for plaintiff to have correct information regarding the location of the lumber.

The tenth count of the complaint sufficiently sets out a substantial cause of action for a breach of the contract, and the allegations of special damages claimed by the plaintiff are sufficiently stated therein, and the trial court committed error in granting the motion to strike.

As we view it, it is unnecessary to pass upon the various rulings of the court with reference to the other counts, but, for the error pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.