(84 South. 416)

DICKSON v. ALABAMA MACHINERY & SUPPLY CO. (3 Div. 321.)

(Court of Appeals of Alabama. Oct. 21, 1919.)

1. ASSUMPSIT, ACTION OF ☜5—WHERE CONTRACT NOT FULLY PERFORMED, NO RECOVERY UNDER COMMON COUNTS.

In an action in assumpsit on the common counts for work done under an agreement to roof defendant's barn, where it appeared that the contract had not been fully performed, and it was not shown that the work had been accepted or treated by defendant as full performance, plaintiff could not recover.

2. DAMAGES ☜23—DAMAGES TO CROP STORED IN BARN HELD WITHIN CONTEMPLATION OF PARTIES MAKING ROOFING CONTRACT.

In assumpsit for work done under a contract to roof defendant's barn, where it appeared that the roof was leaky, and defendant's wheat stored in the barn was damaged, such damages, being in the contemplation of the parties in making the contract, are recoverable.

3. CONTRACTS ☜323(3) — WHETHER BREACH OF CONTRACT TO ROOF BARN CAUSED DAMAGE TO WHEAT THEREIN HELD FOR JURY.

In assumpsit under a contract to roof defendant's barn, whether there was a breach of the contract and damage to defendant's wheat stored therein proximately resulting therefrom, or whether the damage resulted from defendant's negligence in storing the wheat before the roof was completed, held questions for the jury.

4. TRIAL ☜139(1) — WHERE PLAINTIFF'S CLAIM AND DEFENDANT'S SPECIAL PLEAS ARE SUPPORTED BY EVIDENCE, THEY SHOULD BE SUBMITTED TO JURY.

Where there is evidence tending to support plaintiff's claim, and also evidence tending to support defendant's special pleas, such questions should be submitted to the jury.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Assumpsit by the Alabama Machinery & Supply Company against R. S. Dickson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

In view of the opinion it is not necessary to here set forth the pleas referred to in the opinion. These pleas were set-off and recoupment by way of damages to the wheat stored in the barn.

Leader & Ewing, of Birmingham, for appellant.

The court erred in instructing the jury to find for the plaintiff for the amount sued for. 43 Ala. 33; 165 Ala. 225, 51 South. 735; 30 Ala. 471; 56 Ala. 547; 66 Ala. 99; 81 Ala. 285, 1 South. 591; 101 Ala. 17, 13 South. 343; 127 Ala. 506, 29 South. 31. It was a question for the jury whether the plaintiff had performed its contract or agreement. 202 Ala. 87, 79 South. 479; 15 Ala. App. 241, 73 South. 135. Counsel refers specially to the case of McGar v. Williams, 26 Ala. 469, 62 Am. Dec. 739, as to the construction of a roofing contract. The damages sought resulted proximately from the breach of the agreement. 75 Ala. 168; 58 Ala. 543; 188 Ala. 262, 66 South. 95; 196 Ala. 4, 71 South. 183, and authorities supra.

Ball & Beckwith, of Montgomery, for appellee.

Counsel discussed assignments of error, but without citation of authority.

BROWN, P. J. There is no material conflict in the evidence as to the terms of the agreement between the parties relative to the undertaking of the plaintiff to roof the defendant's barn. The substance of this agreement was that the plaintiff was to furnish the defendant a "Federal elastic cement roof, at a price not to exceed $3 per square." The defendant was to furnish the common labor, and the plaintiff was to furnish an ex-

pert roofing man to superintend the application of the roofing material and was to guarantee the roof for ten years. There was, however, a conflict in the evidence as to whether the plaintiff had performed its contract.

The plaintiff's general manager, "Fishisher," testified:

"We were to furnish him a Federal elastic cement roof at a price not to exceed $3 per square. He was to furnish the common labor, and we were to furnish one man to superintend the application of the cement, and that was all there was to it. And we were to give him a ten-year guaranty, and, if anything happened to the roof, we were ready and willing to fix it. We did not agree with him that the roof should be sufficient to turn water after we would have completed it and pronounced it ready for his use, but the roof was supposed to do that, and that was understood between us. There was not any specified time, as I know of, when we were to complete the roof, but we were to begin work immediately. Mr. Dickson was not in any hurry for the work. I think the agreement was before March 1, 1916, that we had to buy the roof, and we made shipment before March 16, 1916. We did not pronounce the roof ready for his use. We just left it and supposed it was first-class. We just got through with it. You don't understand exactly what a roofer's job is supposed to be; it is never finished. It may take two or three months to complete the job, and a leak may spring and we go back and fix it. If a leak sprung when we left it, it was never completed. We finish a roof, and then have to wait till a rain comes. When I left this roof, I can't say whether it leaked then; it was not raining. We didn't leave it as a completed roof, because we did not know whether it was complete until it was tested out with rain. We had no way of testing out the roof except by water."

On the other hand, the defendant testified that the plaintiff's general manager, "Fishisher," told him, after the second application of cement to the roof, that the roof had been completed and was all right; and thereafter the defendant placed in his barn about 450 bushels of wheat harvested from his plantation, 421 bushels of which were caused to rot as a result of being water-soaked by rainwater leaking through the roof, entailing a loss of, to wit, $618.87.

Plea 6 interposed by the defendant, and to which demurrers were sustained, placed on him the burden of showing that the plaintiff was to furnish all the work and material for the application of the roofing material to the defendant's barn, and, in view of the evidence in the case, any ruling of the court on the demurrers to this plea, if error, was without injury.

Plea 9, to which a demurrer was sustained, is not materially different from plea 10, on which issue was joined by the plaintiff, and the ruling of the court on the demurrer to plea 9 does not constitute reversible error.

[1] The court, however, committed reversible error in directing a verdict for the plaintiff for the amount sued for, and for this error the judgment must be reversed. If there had not been a full performance of the contract with reference to the barn roof by the plaintiff, or the work done had not been accepted or treated by the defendant as a full performance of the contract, the plaintiff was not entitled to recover as to this item of the account sued on, under the common counts. Dees v. Self Bros., 165 Ala. 225, 51 South. 735.

[2] It is a matter of common knowledge that barns on plantations in this section are maintained for the storage and protection of farm products and other property, and if, as a consequence of the breach of the contract by the plaintiff to place upon the defendant's barn a nonleakable roof, damage proximately resulted to the defendant's wheat stored in such barn from rainwater leaking through the roof, such damages must be held to have been within the contemplation of the parties in making the contract and are recoverable. Daughtery v. Amer. Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; W. U. Tel. Co. v. Way, 83 Ala. 542, 4 South. 844; Turner & Co. v. Munson S. S. Line, 16 Ala. App. 223, 77 South. 61.

[3] Whether there was a breach of the contract and as to whether the damage to the defendant's wheat proximately resulted from such breach, or from the negligence of the defendant in storing the wheat in the barn before the roof was completed, were questions of fact for the jury.

When the letter of January 12, 1917, written by the defendant to the plaintiff, is considered as a whole, it cannot be treated as an admission of an indebtedness due by the defendant to the plaintiff.

[4] While there was evidence tending to support the plaintiff's claim, there was also evidence tending to support the defendant's special pleas, and these questions should have been submitted to the jury. Burger v. Mabry, 15 Ala. App. 241, 73 South. 135; White Swan Ldry. Co. v. Wehrhan, 202 Ala. 87, 79 South. 479.

The appellant insists that, in the absence of an averment in the complaint that the account is "unpaid," it fails to state a cause of action and will not support the judgment. There appears to be some force in the contention, but we deem it unnecessary to determine the question as this defect will no doubt be cured by amendment on another trial. See Perry & Walden v. Gallagher, 200 Ala. 68, 75 South. 396; Pollack v. Winter, 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.