(89 South. 843)

## DICKSON v. ALABAMA MACHINERY & SUPPLY CO.   (3 Div. 379.)

(Court of Appeals of Alabama.   April 5, 1921.   Rehearing Denied May 31, 1921.)

1. Constitutional law 106, 169—Dismissal and nonsuit 2—Statute forbidding nonsuit to plaintiff, where defendant pleads for affirmative relief, applies to cases pending at its passage.

Laws 1919, p. 825, preventing granting plaintiff a nonsuit where defendant pleads set-off and recoupment, applies to a case pending at time of its passage; the act being remedial, and neither enlarging nor diminishing an existing right, and therefore not impairing the obligation of any contract nor affecting any vested right.

2. Statutes 267(2)—Procedural statute applies to actions which have accrued or are ponding as well as to future actions.

A statute dealing with procedure prima facie applies to all actions, both those which have accrued or are pending, and future actions.

3. Appearance 20—Copies of pleas need not be served when plaintiff demurs.

Where plaintiff had filed demurrers to pleas, which had been ruled on, there was a general appearance dispensing with necessity of service of a copy of the pleas under Laws 1919, p. 556.

4. Judgment 194—Must dispose of all matters at issue.

A judgment predicated on a disposition of part of the matters at issue cannot stand.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

The Alabama Machinery & Supply Company brought its action against R. S. Dickson to recover for material furnished and work done in covering a barn belonging to defendant. Defendant interposed pleas of set-off and recoupment claiming damages to the barn and its contents because of the manner in which the work was done. After remandment, the plaintiff sought to take a nonsuit, to which the defendant objected, insisting on his right to have his damages ascertained under his pleading. The court ordered a nonsuit entered, and from this order defendant appealed. Reversed and remanded.

Certiorari denied 206 Ala. 698, 89 South. 922.

Leader, Ullman & Ewing, of Birmingham, for appellant.

The defendant had a right to have judgment on his pleas, if proved. Acts 1919, p. 825; 51 Ala. 245. The cause being at issue, it is not necessary that the sheriff serve the plaintiff with copies of these special pleas. Acts 1919, p. 556. These acts are clearly applicable to the case at bar, because remedial and affecting the method, without affecting any vested right. 99 Ala. 309, 13 South. 776; 35 Ala. 280; 119 Ala. 271, 24 South. 28; 127 Ala. 582, 29 South. 63; 70 Ala. 145; 46 Ala. 590; 43 Ala. 547; 40 Ala. 77.

Ball & Beckwith, of Montgomery, for appellee.

The act relied on by defendant was not retroactive. 53 Ala. 42; 80 Ala. 222; 200 Ala. 95, 75 South. 471; 200 Ala. 315, 76 South. 81; 154 Ala. 291, 45 South. 418, 15 L. R. A. (N. S.) 340, 129 Am. St. Rep. 57; 36 Cyc. 1180, 1188. The record is fatally defective, and presents nothing for this court to review. 96 Ala. 412, 11 South. 311; 124 Ala. 439, 26 South. 892; 133 Ala. 238, 32 South. 13; 180 Ala. 528, 61 South. 904; 184 Ala. 57, 63 South. 1024; 4 C. J. 110, 111, and 553 et seq.

MERRITT, J. On a former appeal (17 Ala. App. 195, 84 South. 416), this case was reversed and remanded. When again called for trial in the lower court, the plaintiff moved for a nonsuit, which was granted over the objection of the defendant and over the motion of the defendant for judgment nil dicit on his pleas of set-off and recoupment, and his insistence that the trial proceed on said pleas as provided for by Acts of the Legislature 1919, p. 825.

[1] The plaintiff could not by taking a nonsuit deprive the defendant of the right to have judgment against the plaintiff on his pleas if proven, and the case should have proceeded to a determination of these issues; this being the evident intent of the Legislature by such act. There is no merit in the contention

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that as this case was pending at the time of the adoption of this act, its provisions could not apply to the instant case. This act is remedial, it neither enlarges nor diminishes an existing right, but as applied to this case simply deprived the plaintiff from precluding the defendant from having a determination of his pleas, founded on or growing out of the same transaction by which the plaintiff sought to fasten liability on the defendant.

[2] Where a new statute deals with procedure only, prima facie it applies to all actions, those which have accrued or are pending and future actions. Sutherland on Statutory Construction, p. 630. There is nothing in the language of the act to indicate a legislative intention that the defendant should be deprived of the right to proceed to judgment on his pleas, only in cases thereafter instituted. Before the passage of the act as a matter of procedure the plaintiff could have taken a nonsuit, and defeated defendant's right to a hearing on his pleas, while after the passage of the act, as a matter of procedure, the plaintiff could still take a nonsuit, but not to the extent of depriving the defendant of the right to have judgment against the plaintiff on such pleas. The act does not impair the obligation of any contract or affect any vested right; it merely furnished the defendant with a mode of procedure, without depriving the plaintiff of any right. It does not compel the plaintiff to proceed in any particular manner with his case, but in case he does proceed in the manner named, it shall not be to the detriment of the defendant where such pleas are on file as stated in the act. To this there is no constitutional objection. Such an application of the act is not so much retroactive as active upon an existing condition of things, to wit, "in all actions of law in which the defendant files a plea of set-off or recoupment," and the plaintiff takes a nonsuit. Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189. In support of this construction, we may mention a few cases which are particularly forceful. In Sampeyreac v. U. S., 7 Pet. 222, 8 L. Ed. 665, it was said that it had been repeatedly decided in the Supreme Court of the United States that the retrospective operation of a law providing a remedy forms no objection to it. "Almost every law providing a new remedy affects and operates upon causes of action existing at the time the law is passed." The case of Peoples v. Tibbets, 4 Com. (N. Y.) 384, was an application by the Attorney General for leave to file an information in the nature of a quo warranto under an act to prevent fraudulent bankruptcies by incorporated companies and to facilitate proceedings against them. The statute altered the mode of proceeding so as to permit greater expedition, and the question was as to whether it applied to a matter which had been instituted before its enactment. The Supreme Court held that it did, and that the statute was applicable to all cases within its purview, whether any incipient proceedings might have taken place before its passage or not. To like effect are the cases of Jacquins v. Commonwealth, 9 Cush. (Mass.) 279; Fisher v. Harvey, 6 Colo. 16; and many others.

Courts on the plainest considerations of justice are averse to the retroactive operation of statutes, and confine them to cases arising after their passage, unless the words of the statute, or a clear legislative intent deducible from them, compels an application to the past as well as the future. This doctrine has not, however, been extended to merely remedial statutes, which impair no contract or vested right, and do not disturb past transactions, but preserve and enforce the right and heal defects in existing laws prescribing remedies. Curry v. Landers, 35 Ala. 280; Eskridge v. Ditmars, 51 Ala. 245; Osborn v. Johnson Wall Paper Co., 99 Ala. 309, 13 South. 776; Lea v. Iron Bell Mercantile Co., 119 Ala. 271, 24 South. 28; Edwards v. Williamson, 70 Ala. 145; 25 R. C. L. p. 791.

[3] The appellee contends, however, that under act approved September 25, 1919, Acts 1919, p. 556, that it was necessary, before appellant would be entitled to a judgment, to show that 30 days prior thereto copies of said pleas had been served on him. The appellee had filed demurrers to the appellant's pleas, these had been ruled on by the court, and there being a general appearance there was no necessity of a service of a copy of these pleas as required by said act. Birmingham Flooring Mills v. Wilder, 85 Ala. 593, 5 South. 307; Ashby Brick Co. v. Ely & Walker, 151 Ala. 272, 44 South. 96.

[4] When the case was remanded to the trial court, the cause was at issue on the complaint and the appellant's pleas of set-off and recoupment, these were all matters of record, and irrespective of any affirmative action on the part of appellant, with the case in this condition it was error on the part of the trial court not to proceed to a determination of these pleas. On appellee's motion he was entitled to a nonsuit, but on appellant's pleas, undetermined or undisposed of as shown clearly by the record, he was deprived of a right allowed him under the law, which could not be taken from him by the appellee moving for a nonsuit. The judgment was predicated on a disposition of part of the matters at issue. There should have been a determination of all of the issues. The judgment of the circuit court is reversed.

Reversed and remanded.