McLaren *v.* Hutchinson.

## McLAREN *v.* HUTCHINSON.

DEFENDANT upon the purchase of certain land from B, agreed with him in writing, as part of the consideration, to pay to plaintiff a debt then due the latter from B. Plaintiff afterwards assented to the arrangement, and verbally agreed with defendant to look to him for his debt and release B: *held,* that this agreement was not within the statute of frauds, and gave plaintiff a right of action against defendant for the debt.

Whether the assent of plaintiff was necessary in order to enable him to maintain the action, see in connection with former decisions in this case 18 Cal. 80; *Lewis* v. *Covillaud* (21 Id. 178).

When A by agreement between him and B, assented to by C, becomes liable to pay to the latter a debt originally due to him from B, the assignee of C may maintain an action for the debt, in his own name, against A.

Where the proof was that defendant, having agreed with B, whom he owed, to pay in lieu thereof to the plaintiff, a creditor of B, the amount of his (plaintiff's) demand, afterwards met the plaintiff and stated to him that he

(defendant) had agreed with B to pay his (plaintiff's) claim, and was to pay it, and that plaintiff then stated his "willingness to look to defendant" : held, that this proof authorized a finding that defendant agreed with plaintiff to pay him his demand.

APPEAL from the Tenth Judicial District.

The facts are stated in the opinion.

*G. N. Sweezy,* for Appellant.

I.   The contract between Hutchinson and Beach is a sealed instrument, a deed *inter parteis,* and no authority, American or otherwise, tolerates a recovery in such cases by the person for whose benefit the promise is made.   Parsons in his works and the notes thereto, lays down the rule that no recovery can be had in such cases.   (1 Par. on Cont. 389–391, and notes thereto.)

II.   There was no evidence showing any binding or valid agreement or contract between Hutchinson and the plaintiff, and the others whose claims were transferred to the plaintiff, that can be enforced against the defendant.   That would be an agreement to answer for the debt of another without any consideration expressed in writing or otherwise passing from plaintiff to defendant.

III.   Can the plaintiff maintain an action in his own name for the claims that the claimants transferred to him after the promise or obligation of Hutchinson, as they say, to pay ?   That is going beyond the American cases.   They hold that the third person can sue upon such promise.   This would be holding that the transferree of such third person could sue.

*Rowe & DeLong,* for Respondent.

Where one in consideration of something received by him promises to pay the debt of another, and makes the promise either to the party from whom he receives the consideration or to the party to whom the payment is to be made, it is binding and is not within the Statute of Frauds.   (*Farley* v. *Cleavland,* 4 Cow. 432.)

And it makes no difference though the original debt still exists and remains entirely unaffected by the new agreement.   (Same case, 432.)

This case comes within the rule laid down by this Court (in cases

of promises to pay the debt of another) in the case of *Wiggins* v. *McDonald* (18 Cal. 126) ; see also *Owings* v. *Owings* (1 H. & Gill. 484) ; Chitty on Cont. 628, in note.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

George H. Beach was indebted to the plaintiff and several other persons for work and labor done on the " New England Farm." Beach sold the farm and other property thereon to the defendant, and as a part of the price the defendant agreed in writing with Beach to pay the plaintiff and the other laborers the debts due to them. Immediately after, the plaintiff and the other laborers agreed with defendant to release Beach from the debts, and to look to him alone for their payment. The other laborers assigned their claims to the plaintiff, and he brought this action to enforce the contract. The case was tried by the Court, who found in favor of the plaintiff, and judgment was rendered accordingly, from which, and an order refusing a new trial, the defendant appeals.

This action has been already before this Court upon the pleadings, and will be found reported in 18 Cal. 80. Upon the return of the case to the Court below the pleadings were amended, and the point upon which the former decision was founded is not now in the case.

It is now objected that the Court erred in finding that the plaintiff and his assignors " agreed " with the defendant to look to him for the payment of their debts, and the counsel for the appellant sets forth what he understands to be facts from the evidence on this point ; that is, that the defendant, in the absence of Beach, stated to the plaintiff and his assignors that " he had purchased Beach's property, and had agreed with Beach to pay their claims, and stated to them that he was to pay them, and that such claimants then stated to defendant their willingness to look to him." The facts, as thus stated by the counsel, amount substantially to an agreement between these parties and the defendant, as found by the Court. But even if they differed materially, it is the finding of the Court that is to govern, unless clearly unsupported by evidence which is not claimed in this case.

The next question raised by the appellant is, that the defendant is not liable to the plaintiff; that his only liability is to Beach, upon his written contract; and that the agreement with the plaintiff and his assignors, not being in writing, is void under the Statute of Frauds. The defendant being indebted to Beach for the purchase money of certain property, and Beach being indebted to the plaintiff and his assignors, the two mutually agree that the defendant shall pay these debts of Beach, and this is assented to by these creditors of Beach. Here is a mutual agreement by the parties interested, and it can make no difference that this mutual agreement was not perfected at the same moment of time, or that all were not present at the time of its completion. Beach and the defendant assented to it, when the agreement was signed and delivered, and the creditors afterwards assented, when informed of the agreement by the defendant. Their assent to the agreement gave them a right of action against the defendant, and the case is not within the Statute of Frauds. (*Farley* v. *Cleavland*, 4 Cow. 432; *Tatlock* v. *Harris*, 3 Term, 174; *Wilson* v. *Coupland*, 5 Barn. & Ald. 228; *Heaton* v. *Angier*, 7 N. H. 397; *Gold* v. *Phillips*, 10 Johns. 142; *Olmsted* v. *Grunly*, 18 Id. 12.)

One branch of the rule upon this subject is very clearly laid down in *Farley* v. *Cleavland* (4 Cow. 432), in these words: "In all these cases, founded upon a new and original consideration of benefit to the defendant, or harm to the plaintiff, moving to the party making the promise, either from the plaintiff or the original debtor, the subsisting liability of the debtor is no objection to the recovery."

It is also insisted that the plaintiff cannot recover upon the claims assigned to him by the other parties. This is not a valid objection. Our Practice Act clearly authorizes the assignment of things in action, such as accounts and unliquidated demands arising out of contract, and the mere fact that the liability on the original contract has been transferred from Beach to the defendant can make no difference in the right to assign, or the right of the assignee to maintain the action in his own name.

The judgment is affirmed.