## Taylor v. Jones.

*Trover for Conversion of Horse.*

1. *Statutory separate estate of married woman; how suit for injuries to property, corpus of, must be brought.* — A complaint in trover by the husband alone for the conversion of property which is averred to be the statutory separate estate of his wife, discloses no cause of action in his favor.

2. *Arrest of judgment; when § 2811 R. C. does not apply to.* — Section 2811 R. C., forbidding the arrest of judgment for matters not previously objected to, has no application where the complaint discloses no cause of action.

APPEAL from Circuit Court of Autauga.

Tried before Hon. J. Q. SMITH.

Appellee brought this suit against appellant to recover damages for the conversion of a horse which was alleged in the complaint to be the separate statutory estate of his wife. There was a jury trial and verdict for the plaintiff, after which the defendant (appellant) moved in arrest of judgment on the ground that the complaint showed on its face that plaintiff had no cause of action against him. The court overruled the motion and rendered judgment on the verdict, and hence this appeal.

W. H. & W. T. NORTHINGTON, for appellant.

T. W. SADDLER, *contra*.

JUDGE, J. — This suit was instituted to recover damages for the conversion of personal property, alleged by the plaintiff in his complaint to be the statutory separate estate of his wife.

Under section 2525 of the Revised Code, as construed in *Pickens & Wife*, v. *Oliver* (29 Ala. 528), and other cases decided by this court, the wife alone can sue for the *corpus* of property thus owned by her, or for damages to the property itself as distinguished from its use.

The facts averred in the complaint clearly show that under the law of this State, which has been settled as above stated, no right of action existed in the husband for the injury complained of, — not even jointly with his wife ; the right of action was in the wife alone.

This having been the aspect of the case, the judgment of the court below should have been arrested when the defendant's motion was made for that purpose. The motion was not within the influence of section 2811 of the Code, which prohibits any judgment from being " arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action ; " for the complaint on which the judgment was founded contained no cause of action whatever in favor of the plaintiff. This having been the condition of the

[Ex parte Lambert.]

case, the defendant was authorized to take advantage of it at any stage of the proceedings. *Cummins* v. *Gray*, 4 Stew. & Port. 397.

If the defect was one which could be cured by an amendment, we would reverse the judgment and remand the cause; but inasmuch as no amendment could be made which would put the case in better plight for the plaintiff, our duty is to render a judgment here arresting and annulling the judgment of the circuit court, and dismissing the suit.    Let it be so entered.