(75 South. 396)

PERRY & WALDEN v. GALLAGHER.

(6 Div. 540.)

(Supreme Court of Alabama. April 26, 1917.)

1. CONTRACTS ☞334 — CONSIDERATION — PLEADING—SUFFICIENCY.

A count charging that defendant promised to furnish plaintiff with lumber, that a third party was indebted to plaintiff, that defendant told plaintiff that he was indebted to the third party, and that defendant would deliver the lumber, and in pursuance of said agreement plaintiff discharged the third party from the indebtedness with his consent, but defendant then refused to comply with the agreement, is demurrable for failure to show consideration, since there is no averment that the contract entered into by the defendant included the release by the plaintiff of what the third party owed him, excluding recourse to the principles of novation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1660–1663; Pleading, Cent. Dig. § 129.]

2. ACCOUNT, ACTION ON ☞6(1)—PLEADING—SUFFICIENCY.

A count purporting to declare on an account should allege that the account is unpaid.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 8.]

3. WITNESSES ☞302(1) — IMPEACHMENT — EVIDENCE—ADMISSIBILITY.

A letter written by a witness contrary to testimony given at the trial should have been admitted in impeaching him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251.]

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Action by J. L. Gallagher against Perry & Walden in assumpsit. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Count 4 is as follows:

Plaintiff claims of defendant the further sum of $32.50, for that on, to wit, December 1, 1914, defendant promised to furnish plaintiff with lumber to the value of $32.50, and that one Coleman Gann was indebted to plaintiff in the sum of $32.50, and said defendant stated to plaintiff that he was indebted to said Gann, and that they would deliver to plaintiff said lumber; and in pursuance of said agreement plaintiff discharged said Gann from said indebtedness, with the consent of said Gann, but said defendant then failed or refused to comply with said agreement, and to deliver or furnish said lumber to plaintiff.

And this relates to the same transaction as counts 1, 2, and 3.

J. M. Pennington, of Jasper, for appellant. Ray & Cooner, of Jasper, for appellee.

McCLELLAN, J. [1] This action, to recover about $32, was commenced by the appellee in a justice's court; whence it was taken by appeal to the law and equity court, where a complaint containing four counts was filed. The plaintiff was awarded a judgment in the latter court. The report of the appeal will contain the fourth count. It was subject to the ground of demurrer taking the objection that the count did not show a consideration for the promise declared on and which was alleged to have been made by the defendants to the plaintiff. There is no averment that the contract entered into by the defendants included the release by the plaintiff of what Gann owed the plaintiff, thus excluding recourse to principles applicable where there has been a novation. 29 Cyc. p. 1130 et seq.; Montgomery Bank Co. v. Jackson, 190 Ala. 411, 67 South. 235. As constructed, count 4 shows only a promise without consideration to pay the debt of another.

[2] The count purporting to declare on an account should have borne the allegation that it was unpaid. All of these three counts would, it seems, have been better framed if they had followed the simple form provided in the Civil Code, at page 1195. The second ground of the demurrer put an alternative proposition, one of which was contradicted by the averments of the counts. The question argued for appellant was not in fact raised by the demurrer.

[3] There was no error in the rulings on the evidence, except in the particular that the defendants were denied the benefit of the statement in the letter written by Gann to the defendants wherein he and the defendants had had a settlement as affording ground for the contradiction of the feature of his testimony wherein he made statement to a different effect.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes