(81 South. 362)

HOWARD v. RHODES. (4 Div. 551.)

(Court of Appeals of Alabama. Dec. 17, 1918. Rehearing Denied Jan. 14, 1919.)

1. PRINCIPAL AND SURETY ⬤═33—EXTINGUISHMENT OF INDEBTEDNESS—CONSIDERATION FOR SURETY'S PROMISE.

When an existing debt is extinguished, or the date of payment postponed either expressly or by implication, in consideration of a note with surety being given, the contract is a new, substitutionary one, and is binding, resting for its consideration, so far as the surety is concerned, on the fact that without his promise the contract would not have been consummated.

2. BILLS AND NOTES ⬤═226—INDORSEMENT—CONSIDERATION.

Where note operates expressly or by implication to extend payment of a pre-existing debt, or is accepted in payment thereof, and is indorsed contemporaneously with the execution and delivery of the note, the note is based upon a consideration as to the indorser.

3. BILLS AND NOTES ⬤═226—INDORSEMENT—CONSIDERATION.

Where a debtor, being threatened with suit, executed note to trustee for creditors, who thereupon surrendered evidences of indebtedness, the note rests upon a good consideration as to indorser who indorsed note at time of its execution.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Toombs Howard, trustee, against J. F. Rhodes. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. G. Seay and J. H. Wilkinson, both of Troy, and McCutchen & Bowden, of Columbus, Ga., for appellant.

W. L. & R. S. Parks, of Andalusia, for appellee.

BROWN, P. J. This is an action by the payee of a promissory negotiable note against the indorser, and the questions presented by this appeal were developed by the defense of "no consideration" and the statutes of fraud presented by the defendant's special pleas. The case was submitted to the court without the intervention of a jury, on the evidence offered by the plaintiff, consisting of the note and the indorsement thereon in these words, "Indorsements, R. D. Turnage, J. F. Rhodes," and the testimony of the plaintiff, which developed the following facts: R. D. Turnage & Co., a corporation under the laws of Georgia,

was indebted to three different creditors in different amounts aggregating $1,054.75, the indebtedness of one of such creditors being evidenced by the notes of Turnage & Co., and the others were open accounts. All of these debts being past due on the occasion the note was given, the creditors informed the debtor that they would not further indulge him, and that, unless these debts were paid or secured, suits would be instituted at once. The matter was thereupon adjusted by the execution and delivery of the note in suit, which is made payable on demand to the plaintiff as trustee for the three creditors, and which was, contemporaneously with its execution and delivery, indorsed by Turnage and Rhodes, and accepted as payment of the indebtedness due the three several creditors; the evidence of such indebtedness held by the creditors being surrendered to the debtor. Several payments were made by the payee, all of which were credited on the note, the last payment being January 9, 1917. After demand and failure to pay the balance, this suit was instituted. Notice of demand and nonpayment and protest is expressly waived in the face of the note by the maker and indorsers. This statement differentiates this case from the authorities relied upon by appellee.

In the case of Hood v. Robbins & Smith, 98 Ala. 487, 13 South. 574, and the case of Zadek v. Forscheimer, 77 South. 941,[1] recently decided by this court, in which the defense of no consideration was sustained, the indorsement was made after the execution and delivery of the note in suit, and not contemporaneously with its execution and delivery, as here. In Richardson v. Fields, 124 Ala. 535, 26 South. 981, the only consideration for the execution of the note was an indebtedness due from the Blount College, a corporation, to Dr. Lovett. The Blount College was not a party to the transaction, and there was nothing in that case showing that Lovett accepted the note in payment and satisfaction of the indebtedness due him from the college. The question in Sweeney v. Bixler, 69 Ala. 539, was whether the mortgagee in that case was entitled to be protected as an innocent purchaser without notice; it being shown that the mortgage was merely taken as additional security for a pre-existing debt. There was no question in that case but what, as between the parties, the consideration was sufficient to sustain the mortgage.

The facts here bring this case within the principles declared in the following cases: Carter v. Odom, 121 Ala. 162, 25 South. 774; Rutledge, Adm'r, v. Townsend, Crane & Co., 38 Ala. 706; Morritt v. Doffin et al., 152 Ala. 474, 44 South. 622; Comer v. Sheehan, 74 Ala. 456.

[1, 2] "When an existing debt is extinguish-

ed, or the day of payment postponed, either expressly, or by implication, in consideration" of a note with surety being given, "the contract is a new, substitutionary one, and is binding. It rests for its consideration, so far as the surety is concerned, on the fact that, without his promise, the contract would not have been consummated. This supplies the element of detriment to the promisee." Rutledge v. Townsend, Crane & Co., supra, and authorities there cited. The same principle applies to an indorser of a promissory note when the indorsement is contemporaneous with the execution and delivery of the note, and the note operates, expressly or by implication, to extend the payment of the pre-existing debt, or is accepted in payment thereof, as in this case.

[3] But it is contended that the statute of Georgia pleaded and proven in this case, while declaratory of the common law of that state, establishes a different rule, to wit, that detriment to the payee will not suffice, but that there must be a benefit to the maker. Conceding this to be a correct construction of the statute of Georgia, the transaction shows a benefit to the payor of the note, in that it was indebted to three different creditors in three different amounts, all of these debts were due, and the three creditors were threatening suit. These several debts were consolidated in one to a single substituted creditor, who to enforce collection was confined to a single suit, and the debts to the original creditors were discharged.

The appellee's contention that there is a variance between the averments and proof cannot be sustained. The plaintiff is designated in the complaint "Toombs Howard, trustee," suing as the payee of the note, and the note is payable to "Toombs Howard, trustee."

The trial court erred in rendering judgment for the defendant, and the judgment appealed from will be reversed, and the cause will be remanded for further proceedings in the trial court, in accordance with this opinion.

Reversed and remanded.