(82 South. 562)

## PERRY & WALDEN v. GALLAGHER.
### (6 Div. 562.)

(Court of Appeals of Alabama. May 20, 1919.)

**1. NOVATION ☞3 — CONSIDERATION — DISCHARGE OF ORIGINAL DEBT.**

The discharge of the original debt is sufficient consideration for a novation, so that a complaint for breach of the new promise is not demurrable because it fails to allege that the new promisor was indebted to the original debtor.

**2. FRAUDS, STATUTE OF ☞23(1)—NATURE OF UNDERTAKING—NOVATION.**

The new promise in a novation is an original undertaking, not a promise to pay the debt, default, or miscarriage of another.

**3. NOVATION ☞7—REQUISITE—SIMULTANEOUS AGREEMENT.**

While an essential element of novation is a new contract to which all parties agree, it is not necessary that it be perfected at the same moment between all parties, or that all be present at the same time.

**4. NOVATION ☞13—QUESTION FOR JURY.**

The question whether all parties had agreed to a contract of novation is a question for the jury, where there was sufficient evidence upon which they could base their finding.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Assumpsit by J. L. Gallagher against Perry & Walden. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 4 of the complaint is as follows:

Plaintiff claims of the defendants the further sum of $32.50 for that on, to wit, December 1, 1914, the defendants promised to furnish plaintiff with lumber to the value of $32.50, and that one Coleman Gann was indebted to plaintiff in the sum of $32.50, and said defendants stated to plaintiff that they were indebted to Gann and that they would deliver to plaintiff said lumber; and plaintiff, in pursuance of said agreement, discharged said Gann from his said indebtedness, with the consent of said Gann, but the defendants failed then or refused to comply with said agreement and to deliver said lum-

ber to plaintiff; and this relates to the same transaction as counts 1, 2, and 3, and plaintiff claims interest on said claim.

J. M. Pennington, of Jasper, and W. T. McElroy, of Carbon Hill, for appellants.

Ray & Cooner, of Jasper, for appellee.

SAMFORD, J. [1, 2] The fourth count of the complaint, upon which the cause was tried, sets up a novation, and the insistence of appellant is that the complaint is subject to demurrer for the reason that it fails to allege that the defendants were indebted to the original debtor of plaintiff, and whom it is alleged the plaintiff discharged from further liability to him upon the express agreement of defendants to pay plaintiff the amount due, representing to plaintiff at the same time that they (the defendants) were indebted to plaintiff's original debtor in the amount which they were agreeing to pay. The complaint alleged a previous valid indebtedness due from the original debtor to plaintiff, an agreement of all the parties to the new contract or obligation, an agreement that it was an extinguishment of the old contract or obligation, and a new contract or obligation binding between the parties thereto. It was not necessary to allege a consideration passing to the defendants other than the release by plaintiff, at the instance of defendants, of the claim which he held against the original debtor. This was not a promise of the defendants to answer for the debt, default, or miscarriage of another, but was an original undertaking by them, where, on account of their promise, the plaintiff released the claim which he had theretofore held. The complaint was not subject to demurrer interposed. Perry & Walden v. Gallagher (Sup.) 75 South. 396;[1] Hopkins v. Jordan (Sup.) 77 South. 710;[2] McDonnell v. Ala. Gold Life, 85 Ala. 414, 5 South. 120; 20 R. C. L., pp. 367, 368, § 10; Underwood v. Lovelace, 61 Ala. 155; Howard v. Rhodes, ante, p. 26, 81 South. 362.

[3] As has already been seen, it was not necessary to a novation that the defendants should have been actually indebted to plaintiff's original debtor, and therefore the court was not in error in giving the several charges in line with the excerpt from his oral charge as requested by plaintiff, and in refusing charges requested by defendants, asserting contra propositions, to wit:

"If Perry & Walden accepted the order given to Gallagher by Gann and agreed to pay it in lumber, and that Gallagher released Gann and took the debt on Perry & Walden, it would not be material whether or not Perry & Walden owed Gann."

"An essential element of every novation is a new contract to which all the parties agree." 20 R. C. L. p. 367.

[4] If the agreement is had, it can make no difference that it was not perfected at the same moment between all of the parties, or that all were not present at the time. McLaren v. Hutchinson, 22 Cal. 187, 83 Am. Dec. 59. It is therefore essential in this case, in order to establish the plaintiff's contentions, that the evidence should show an agreement of all the parties to the terms of the new contract. This, however, was a question for the jury, and there was sufficient evidence upon which to base this finding. The refusal to give the general charge at the request of the defendant was not error.

The ruling of the court on the motion for a new trial, on the ground that the verdict of the jury is contrary to the evidence, will not be disturbed.

We find no error in the record, and the judgment is affirmed.

Affirmed.