·(103 So. 556)

## AHRENS–RICH AUTO CO. v. BECK & CORBITT IRON CO. (6 Div. 359.)

(Supreme Court of Alabama. March 26,. 1925.)

**1. Pleading ⬅406(5) — Insufficient complaint not cured by plea to merits.**

Complaint which contains no substantial cause of action will not be cured by plea to the merits.

**2. Bills and notes ⬅470—Counts in suit on promissory notes held to state a substantial cause of action.·**

Counts in suit on promissory notes, following substantially form 1, § 5382, Code 1907, *held* to state a substantial cause of action, with· out alleging a breach of each note by defendant and that each was unpaid.

**3. Sales ⬅353(2)—Counts for account stated and for goods sold held to state a substantial cause of action; "due and owing;" "unpaid."**

Counts in suit on accpunt stated· and for goods sold defendant at its request, following substantially form 10, § 5382, Code 1907, concluding with words, "which sums of money are now due and owing," *held* to state a substantial cause of action; "due and owing" being equivalent to statutory averment "is still unpaid."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unpaid; Second Series, Due and Owing.]

**4. Pleading ⬅406(3)—Any defects in counts in complaint stating a substantial cause of action held cured.**

Any defects in counts in complaint stating a substantial cause of action *held* cured, under Code 1907, § 4143, where defendant failed to object in trial court,· by demurrer ór otherwise, and ·filed plea to the merits.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by the Beck & Corbitt Iron Company against the Ahrens-Rich Auto Company. Judgment for plaintiff, and defendant appeals. Affirmed.

David R. Solomon, of Birmingham, for appellant.

The counts on negotiable instruments are fatally defective. 8 C. J. 882; Mims v. Central Bank, 2 Ala. 294; Crenshaw v.˙ McKiernan, Minor, 295; 14 Ency. P. & P. 542. The common counts will not support a judgment. 5 C. J. 1397; 2 Ency. P. & P. 1001; Code 1923, § 9581; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567.

Robert E. Smith, of Birmingham, for appellee.

The counts were sufficient. Code 1907, § 5382 (1)-

MILLER, J. This is a suit by Beck & Corbitt Iron Company, a corporation, against Ahrens-Rich Auto Company, a corporation, on three separate promissory notes, and on account stated, and for goods sold and delivered. There were five counts in the complaint. The defendant did not demur to any of them, but pleaded general issue in short by consent, with leave to give in evidence any matter, which, if well pleaded, would be admissible in defense of the action. The jury returned a verdict in favor of the plaintiff, and from a judgment against the defendant thereon by the court, this appeal is prosecuted by the defendant.

The appeal is on the record 'proper, without a bill of exceptions, and the only question presented is the sufficiency of the complaint to support the judgment. The judgment is the only error assigned. The judgment was for $317.05, the. amount of the verdict of the jury. Does the complaint disclose a cause of action, or causes of action, authorizing a verdict for $317.05? There are five counts in the complaint. Counts 1, 2, and 3 are each on three separate promissory notes for $90.19 each, executed on November 30, 1920, and payable April 1, May 1, and June 1, 1921, respectively, and plaintiff claims in each count $25 attorney's fee, and avers defendant agreed in each of the notes to pay a reasonable attorney's fee, if it was not paid at maturity. The plaintiff claimed in each count interest at the rate of 6 per cent. per annum on the amount of each note.

[1, 2] If the complaint contains no substantial cause of action, "its insufficiency will not be cured by plea to the merits," and this court has held in Cummins v. Gray, 4 Stew. .& P. 397, that:

. "Many defects in a declaration may be cured, by pleading to the merits, either before or after a demurrer. So far as this effect has been produced, the plaintiff is entitled to the benefit of it, whenever the question subsequently recurs, whether on a second demurrer, on a motion in arrest of judgment, or in error. Where, however, the declaration does not ·contain a substantial cause of action, the insufficiencies cannot be cured by a plea to the merits."

This was cited with approval in Taylor v. Jones, 52 Ala. 78. Are the counts on the three separate promissory notes fatally insufficient? Do 'they each state a substantial cause of action? The defendant insists each is fatally defective, do not state a substantial cause of action, because neither alleges a breach of the note by the defendant, that each is unpaid. This is not necessary now, under form No. 1, on a promissory note under our statute. Section 5382, Code 1907. This form does not require plaintiff in action on a promissory note to allege that it is unpaid, and a count which alleges the cause of action in accordance with this form (No. 1) of this statute is sufficient. The three counts on the three separate promissory notes follow practically this form in stating the cause of action, and they are each sufficient. ˙ They

each state a substantial cause of action. Section 5382, form 1, Code 1907; Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, headnote 3, 92 So. 193.

[3] Counts A and B attempt to follow form of common counts under form 10 of this statute (section 5382, Code 1907). Count A is for $514.12 on account stated, and B is for $541.12 for goods, wares, and merchandise sold defendant at its request, and these counts conclude with these words: "Which sums of money, with interest thereon, are now due and owing." The form prescribed by the statute concludes with these words: "Which sums of money, with the interest thereon, are still unpaid." It is true this court has held the averment "a debt is owing is not the complete equivalent of an averment that it is due and unpaid." McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567. These counts state it "is due and owing," and that is equivalent to averring it "is still unpaid."

[4] There was no demurrer to either of these counts (A and B) on account of that or any other alleged defect. If that was a defect in these counts, which rendered each subject to demurrer, which we do not decide, still each stated a substantial cause of action against the defendant, which will sustain a judgment. If they are each defective, as claimed, the defect comes within the curative provisions of section 4143, Code of 1907, which states:

"No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action."

Each count in the complaint states a substantial cause of action in favor of the plaintiff, and against the defendant; if either was defective, the defendant failed to object to it in the trial court by demurrer or otherwise, but filed plea to the merits, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.