Troy L. CRAWFORD

v.

HOLMES & WADDELL, INC.

1 Div. 314.

Supreme Court of Alabama.

Sept. 22, 1966.

Maurice A. Downing, Mobile, for appellant.

**90**

J. Terry Reynolds, Jr., and Wm. R. Lauten, Mobile, for appellee.

SIMPSON, Justice.

On February 11, 1961, the appellant rented a 1960 Ford automobile from the appellee. The car had 8,785 miles showing on its speedometer. The appellant signed a rental agreement, agreeing to pay a mileage charge at the rate of ten cents per mile, service and time charges of $50.00 per week, plus $10.00 for each additional day, plus $1.50 for each additional hour for the period of rental; a sum equal to the cost of all damages done to the vehicle during the rental period; and a sum equal to the value of all tires, tools and accessories lost or stolen from the vehicle.

The evidence is that the appellant parked the car on St. Michael Street in Mobile on a Sunday afternoon about 2:00 P.M. He left the keys in the ignition and did not lock the doors. Later during Sunday night he went home in a taxicab, leaving the car on the street. The following morning he went for the car and it was gone. He notified the appellee at that time that the car was missing. It was discovered by the police some five weeks later in Albuquerque, New Mexico, with 15,279 miles on it. The radio and spare wheel and tire were missing. Part of the chrome was gone and the Alabama license plate was missing.

The appellee filed suit in four counts. The first two were the common counts on account. The third sounded in contract. None of these three counts are here material since the jury returned a verdict for the plaintiff (appellee) in the amount of $1,010.96 under Count Four which was a negligence count.

From the judgment entered on the verdict the defendant has appealed. The appellee has filed motions to dismiss the appeal and affirm the judgment and to strike the appellant's brief on grounds that the rules of this Court have not been complied with. We do not write to these motions in light of the conclusion which we have reached with respect to this appeal, all as will appear.

▇ The first four assignments are to the effect that the court erred in overruling demurrers to Counts One, Two, Three, and Four respectively of the complaint. However, the only judgment entered by the court as revealed by the record is a judgment overruling demurrers to the complaint as a whole. That is the only ruling presented to us for review. There is no error in overruling demurrers to the complaint as a whole, since as noted above the first two counts are the common counts and are not demurrable. The appellant has failed to invoke a ruling from the trial court as to his demurrers to each count separately and

severally and hence has failed to present any ruling of the court to be reviewed here, save for its ruling on the demurrer to the complaint as a whole. Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239; Sims v. Alabama Water Company, 205 Ala. 378, 87 So. 688, 28 A.L.R. 461; Yates v. Barnett, 215 Ala. 554, 112 So. 122; Webb v. Litz, 39 Ala.App. 443, 102 So.2d 915.

The next few assignments amount to no more than grounds of demurrer, which, we might note, are not well taken. The assignments numbered 9 through 13 constitute matter concerned with what the appellant describes as the "first issue in this case", being assignments of error dealing with the admission of evidence in the case. The appellant contends that the lower court should not have allowed into evidence the letters, statement of accounts, etc. that the appellee alleges and claims that he sent to the appellant setting out his entire case.

■ The exhibits admitted into evidence consist of an itemized statement of account listing what the appellee claimed to be due under the rental agreement, a copy of the rental agreement, and a covering letter. There was no error to reverse in allowing these exhibits. As noted in Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86:

"The general rule of evidence stated in 10 R.C.L. p. 1149, § 352, 'that a party cannot make evidence for himself by his written communications addressed to the other party, as to the character of dealings with them, or the liability of the party to whom they are addressed, in the absence of any reply assenting to the same,' is in accord with the rule of our decisions. [Citations.]

"There are, however, some exceptions to this general rule, and one of these is that unanswered letters are admitted in favor of the writer when they are of the res gestae of the transaction under investigation. [Citations.]

"Another statement of this exception to the rule is that such letters are admissible, though they contain self-serving declarations and are not a part of the mutual correspondence, when they relate to existing contracts between the parties. [Citations.]"

The letter and exhibits admitted here fall within the last mentioned exception. It is not disputed that the rental contract was signed and existed between the parties. The appellant does not deny the accuracy of any computations made under the contract and contained in the letter. We think that this evidence was admissible as tending to show the plaintiff's conception of the contract and its weight was for the jury.

■ We now turn to what appellant states is "the only other issue in this case". It is his contention that the plaintiff was not entitled to recover under the negligence count itself and that the evidence shows that the damage suffered by plaintiff was not the proximate result of appellant's negligence but the result of action taken by the thief who stole the automobile. To raise this issue appellant assigns the following:

*Assignment of Error 14:* "For that all the evidence shows that the motor vehicle in question was stolen by a party or parties unknown and the court erred in failing to rule or to instruct the jury as a matter of law that no recovery by the Plaintiff against the Defendant could be based on any damages incurred or sustained after the time of the theft of said automobile."

*Assignment of Error 15:* "For that the court erred in failing to instruct the jury that the Plaintiff was not entitled to recover for any damages sustained by reason of the theft of said automobile."

It would appear in each assignment that appellant complains that the court erred in failing to give instructions to the jury. However, a search of the record indicates that the court gave every charge request-

ed by the defendant (appellant) save two. These two refused charges were the affirmative charges, the refusal of which is not assigned as error. Again, it appears that there is nothing for this Court to review. The record is totally silent as to any charges other than the two referred to asked by appellant and refused by the court. Our review is limited to error committed by the trial court. When the appellant fails to show that the trial court has been invited to rule and has ruled on jury instructions, it leaves this Court without any basis to review the action taken below. McMullen v. Daniel, 229 Ala. 194(12), 155 So. 687; Scroggins v. Alabama Gas Corp., 275 Ala. 650(11), 158 So.2d 90. The appellant simply cannot predicate error on failure of the court to give instructions to the jury which were not requested.

Nothing further being argued, we are compelled to affirm.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.