236 So.2d 709

**Dee CUNNINGHAM**

v.

**Felix LOWERY and Nathan Lowery.**

**6 Div. 5.**

Court of Civil Appeals of Alabama.

April 15, 1970.

Rehearing Denied May 6, 1970.

Rosen, Wright, Selden & Harwood, Tuscaloosa, for appellant.

Robert V. Wooldridge, Jr., Tuscaloosa, for appellees.

WRIGHT, Judge.

Suit was filed in the Circuit Court of Tuscaloosa County, Alabama, by the three plaintiffs against defendant. The original complaint contained five counts. Counts 2 and 4 were struck during the trial of the matter. Count 1 alleged breach of an express contract. Counts 3 and 5 were common counts, count 3 being for work and labor done at defendant's request and count 5 for goods and materials supplied to and accepted by defendant. Demurrers of defendant to the complaint were overruled. Defendant filed pleas in recoupment and by agreement, plea in short by consent, the general issue, with leave to give in evidence any matter which if well pleaded would be admissible in defense.

During the course of the trial, plaintiffs amended their complaint by striking one of the original plaintiffs and by changing the spelling of the names of the plaintiffs from "Laury" to "Lowery." These amendments were allowed by the court over the objection of the defendant.

The case was tried by jury and a verdict returned in favor of the plaintiffs and against the defendant in the amount of $5000, and judgment was entered in accordance therewith.

Appeal was duly taken from the verdict and judgment, and from the judgment of the court overruling defendant's motion for a new trial. The matter was presented to this Court upon 80 assignments of error, 16 of which were specifically waived by appellant in brief. We are thus requested to consider the remaining 64 assignments of error on this appeal. In support of these 64 assignments of error appellant submits for our consideration 6 propositions of law. It is therefore obvious that the majority of appellant's assignments of error are repetitious for purpose of argument and our consideration of same. The consideration of this appeal has placed an almost intolerable burden upon the Court, and we would most seriously recommend to counsel for appellant that repetitious assignments of error be eliminated in brief and argument.

The tendency of the evidence presented is that appellant-defendant, Dee Cunningham, was the owner of certain property in Tuscaloosa County upon which was located deposits of sand and gravel. There was also located on the property and owned by appellant, a plant for the processing of sand and gravel. It was disclosed during the testimony that appellant actually owned only a one-half interest in the real estate involved. We do not consider this fact relevant to the disposal of the issues involved in this appeal.

It is largely undisputed that an oral contract was entered into between the parties whereby appellees were to enter upon the property of appellant, provide the necessary funds and work and labor required to place the processing plant in operation, and then to extract, process and sell the sand and gravel, paying to appellant a royalty thereon of 25¢ per yard.

For some four and one-half months after entry on the premises, appellees spent sums of money for work, labor and materials in attempting to make the processing plant operable. In spite of their efforts, the evidence was that the plant never really became operable, but operated only for brief periods of time and would break down. There was evidence that the total amount of sand or gravel processed was only about a thousand yards. Some amount was sold and royalties paid to appellant.

After approximately four and one-half months, Felix Lowery, the apparent leader of appellees in the project, left the operation and went to Alaska and was gone for eighteen to twenty days. During his absence, appellant apparently determined to rescind the contract with appellees and entered into a written contract with another party to take over the operation of the plant. As a result of this action by appellant, appellees charged a breach of contract.

Appellees presented evidence as to damages, resulting from the breach, for the amount of the expenses incurred, together with the reasonable value of the work and labor performed and materials supplied in their effort toward performance. The counts of the complaint on the common counts were for quantum meruit or unjust enrichment of appellant for work and labor done at the request of appellant, and for goods and materials supplied to appellant which he accepted. There was no evidence introduced to show loss of profit as a result of the breach.

The first assignments of error which we shall consider are assignments 2 and 3, argued jointly by appellant, and charging error in the overruling of appellant's demurrer to counts 3 and 5 of the complaint. The specific grounds of demurrer insisted upon in brief are that counts 3 and 5 do not follow the code form and are insufficient in that they do not charge that the amount sued for is due and unpaid.

The counts of the complaint attacked by appellant's demurrer were as follows:

"Count 3. The plaintiffs claim of the defendant Nine Thousand ($9,000.00) Dollars for work and labor done for the defendant by the plaintiffs on, to-wit: a period extending from January 4, 1965, through May 21, 1965, and which the defendant has accepted.

"Count 5. The plaintiffs claim of the defendant Nine Thousand Dollars ($9,-000.00) for goods and materials supplied to defendant by the plaintiffs on, to-wit: a period extending from January 4, 1965, through May 21, 1965, and which the defendant has accepted such goods and materials; wherefore plaintiffs sue."

These counts obviously were patterned after the code counts as set out in Title 7, Section 223, Form 10, Code of Alabama 1940, but do not conclude with the words "which sum of money, with interest thereon, is still unpaid." We do not know why appellee was not able to follow the code form. It has often been held that a count following substantially the code form is sufficient on demurrer. In fact, the introductory clause to Section 223 states this rule specifically. However, it has been held that the failure to conclude a common count as provided in the code form with the allegation that the sum sued for is due and unpaid, or words to that effect, is defective when such omission is specifically pointed out by demurrer. Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801; Perry & Walden v. Gallagher, 200 Ala. 68, 75 So. 396; Ahrens-Rich Auto Co. v. Beck & Corbitt Iron Co., 212 Ala. 530, 103 So. 556; Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86. In the instant case the failure of appellee to follow the code form in counts 3 and 5 was specifically pointed out by appellant's demurrer, and the demurrer should have been sustained.

Though error was committed in overruling appellant's demurrers to counts 3 and 5, it is not sufficient to work a reversal of the judgment. Count 1 of the complaint remains, and since the judgment was general it may be assigned to the remaining count. This is true, because the evidence as to damages would be admissible under count 1 of the complaint. Count 1 alleges the breach of an express contract in which the usual measure of damages is either a stated contract price or the profits less expenses. Peck-Hammond Co. v. Heifner, 136 Ala. 473, 33 So. 807; Paris v. Buckner Feed Mill, Inc., 279 Ala. 148, 182 So.2d 880. In the absence of evidence as to either a stated contract price or profits there is an alternative measure of damages. In cases where there has been preparation and part performance of a contract followed by breach thereof preventing full performance, damages may consist of the reasonable expenditures made in preparation and part performance. Worthington et al. v. Given, 119 Ala. 44, 24 So. 739; Corbin on Contracts, Vol. 5, Sections 996, 1031. This principle and rule of law was first stated by the Supreme Court of Alabama in the case of Danforth v. Tenn. &

Coosa RR Co., 93 Ala. 614, 620, 11 So. 60, 62 as follows:

"If the breach consist in preventing the performance of the contract, without the fault of the other party, who is willing and able to perform it, the damage of the latter consists in two distinct items, namely: First, what he has already expended towards performance, (less the value of the materials on hand;) secondly, the profits that he would realize by performing the whole contract. * * *

"Where the proof fails to show that a profit would have been realized, the recoverable damages consist in the reasonable expenditures made, loss of time, less the value of the material on hand."

This statement was approved and cited in the cases of Varner v. Hardy, 209 Ala. 575, 96 So. 860; Malone v. Reynolds et al., 213 Ala. 681, 105 So. 891.

█ Under this authority, we hold that the evidence admissible under common counts on quantum meruit and quantum valebat, when the sums claimed therein arise out of an express contract, is admissible and may be applied to a count alleging breach of the same express contract.

█ Appellant's argument in brief with respect to assignment of error 1, consists of two sentences. Revised Rule 9 of the Supreme Court of Alabama states in part as follows: "Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the Court." We do not consider argument consisting of two short sentences substantial under the above quoted Rule. We deem it waived and will not consider it. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Woods v. County Board of Education of Sumter County, 264 Ala. 81, 84 So.2d 780.

Appellant's assignment of error 4 falls within the same category, just described, as to assignment of error 1. Under the requirements of Rule 9 we do not consider it adequate argument for this Court's consideration. We will state, however, that the issue presented by the assignment is that certain evidence was introduced as to alleged improper measure of damages. We have previously covered the issue of the proper measure of damages in our discussion of appellant's assignments of error 2 and 3. Suffice it to say, we do not consider the evidence complained of in this assignment of error as improper damages.

█ Since appellant's argument in support of assignments of error 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 consist merely of the adoption of the argument offered in support of assignment of error 4, and since the argument in support of assignment of error 4 has been deemed insufficient, we hold that its adoption under other assignments is insufficient, and none of them will be considered.

█ In argument of appellant's assignment of error 15, the insufficient argument of assignment 4 is adopted. There is further cited a case which we do not find to be applicable. The assignment is directed at the trial court's action in allowing into evidence, over objection of appellant, testimony as to the reasonable value of the services performed by one of the plaintiffs. This testimony was offered by the other plaintiff. Appellant apparently contends that this testimony was not legal evidence due to lack of qualification of the witness. We have examined the testimony and cannot agree that the witness was not qualified to testify as to the reasonable value of the labor performed by the other defendant. The trial court committed no error in allowing this testimony into evidence.

Assignments of error 16, 18 and 19 present nothing for our review.

Assignments of error 20 and 23 are argued together, and present the contention that the trial court erred in allowing into evidence a deposition of a witness apparently taken under the provisions of Title 7, Section 474(1) Alabama Code 1940. The

deposition was taken on Friday, before trial the following Monday, with counsel for appellant being present and cross-examining the witness. The objection of appellant to the introduction of the deposition was that its use and introduction did not fall within the provisions of Title 7, Section 474(4). At the time of requesting the introduction of the deposition into evidence, appellees' attorney informed the court that the witness was sick and was going to the hospital. The record does not disclose any further information as to the unavailability of the witness. Appellant insists that the trial court was in error in allowing the use of the deposition without a more explicit showing of excuse for the non-appearance of the witness. The record does not disclose that appellant offered any information or evidence to the court to rebut or refute the statement of appellees' attorney that the witness was sick.

Title 7, Section 474(4) (c) (3) is as follows:

> "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * (3) that the witness from age, infirmity, or sickness, is unable to attend court; * * *."

■ Appellant offers no authority in support of his position except a quotation from 2A Barron & Holtzoff, Federal Practice and Procedure, Section 654. This quotation presents nothing contrary to the provisions of Section 474(4) quoted above. This section plainly states that the matter of determining the admissibility of a deposition is for the trial court if one of the enumerated excuses for non-appearance of the witness is presented. In the absence of any evidence by appellant having been presented to the court, contrary to the statement of appellees' attorney that the witness was unavailable because of illness, we see no error in the court's finding that sufficient excuse for his non-appearance was present and that the deposition was therefore admissible.

Assignments of error 21 and 22 present nothing for review.

■ Assignment 24 charges error by the trial court in allowing the amendment of plaintiff's complaint during the trial by striking therefrom one of the three original plaintiffs. We find no error in this action of the trial court. It was correct under the provisions of Title 7, Section 239, Alabama Code 1940.

■ Assignment of error 25 is addressed to the action of the trial court in sustaining an objection of appellee to a question asked one of appellant's witnesses. Appellant admits that the question called for illegal evidence, but that the answer should have been admitted for rebuttal to other illegal evidence previously admitted. We are familiar with the doctrine of curative admissibility, in that illegal evidence is admissible to rebut illegal evidence, even though the prior illegal evidence had not been objected to. Johnson v. State, 265 Ala. 360, 91 So.2d 476. However, it is noted from the record that the evidence to which the trial court sustained objection, which ruling is that complained of by appellant, was subsequently admitted into evidence by the court in answer to a similar question. Thus, there was no injury to appellant in the particular ruling assigned as error. Decker v. Hays, 282 Ala. 93, 209 So.2d 378; Cole v. L. & N. R. R. Co., 267 Ala. 196, 100 So.2d 684.

Assignment of error 26 is directed to the refusal of the trial court to allow into evidence as an exhibit for appellant an instrument allegedly prepared by the appellant, or under his direction, and submitted to appellee, Felix Lowery. It was averred by appellant that this written instrument contained all of the provisions of the oral contract previously entered into with appellees, and upon which suit was brought. The evidence disclosed that this instrument was prepared at the direction of appellant a considerable time after the entering into the oral contract with appellees, and was presented to and read by the appellee, Felix Lowery. Appellee denied ever having

seen this written instrument, and it is undisputed that he did not sign it.

It is the contention of appellant that this written exhibit was admissible for the purpose of tending to show appellant's conception of the oral contract. In support of this proposition appellant cites the case of Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86. Our examination of this cited case does not support the position taken by appellant in this instance. Under the factual situation at hand, we find the decision in that case to support the ruling of the trial court in the following statement:

"It is familiar law that an unsigned writing drawn by one of the parties as expressing the terms of a contract, which on its face evinces the intention that it is to be signed to become a binding obligation, in the absence of evidence showing that the writing was accepted and acted on between the parties as expressing the terms of the contract, should not be admitted as proof of the terms of such contract." (Citations omitted.)

■ Since the written document, admittedly drawn under the direction of the appellant, was not signed or accepted by the appellee, Felix Lowery, its presentation to him being denied, and its preparation and presentation being at a remote time from the entering into the oral agreement, it could not possibly be admissible as a part of the res gestae of the transaction of the original contract. Its admissibility thus would not fall within the exception to the general rule of evidence as stated by the Supreme Court in the case of Crawford v. Holmes & Waddell, Inc., 280 Ala. 89, 190 So.2d 282. The applicable general rule noted in the case of Denson v. Kirkpatrick Drilling Co., supra, being "that a party cannot make evidence for himself by his written communications addressed to the other party, as to the character of dealings with them, or the liability of the party to whom they are addressed, in the absence of any reply assenting to the same." The

document was further inadmissible because it was not shown that it was ever presented to the other plaintiff in this case.

Assignments of error 27, 28, 29, 31, 32 and 33 are presented in brief as adoption of the argument offered in support of assignment 26, and we hold that they are not well taken.

■ Assignment of error 35 is directed to the following statement made by the court in its oral charge to the jury to which exception was duly taken: "An oral contract of this kind is valid. It does not have to be in writing." It is the contention of appellant that the giving of such charge by the court was error in that the contract sued upon was void under the provisions of the Statute of Frauds, Title 20, Section 3, Code of Alabama 1940, because it was not in writing. Appellant originally raised the invalidity of the contract under the Statute of Frauds as one of the grounds of demurrer. The overruling of demurrer on this ground was not error. It has been held in this State that, if it does not appear on the face of the complaint that the contract is obnoxious to the Statute of Frauds, the complaint is not subject to demurrer on this ground but that benefit of the statute must be asserted by special plea. W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851. However, since it was agreed between the parties that pleading would be in short by consent with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action, and since there was evidence introduced by appellant tending to show application of the Statute of Frauds to the contract, we consider that the application of the Statute of Frauds was properly asserted by special plea.

It is the contention of appellant that the Statute of Frauds is applicable to the contract involved in two of its provisions. It is first contended that the contract falls within Subsection 1, Title 20, Section 3, which reads as follows:

"Certain contracts to be in writing, else void.—In the following cases, every

agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

"1. Every agreement which, by its terms, is not to be performed within one year from the making thereof. * * *"

There was evidence introduced in this case by several witnesses, including appellees, that there was sufficient deposit of sand and gravel located on the property of appellant to require a period of from ten to fifty years to remove and process it all. It is undisputed that the oral agreement between the parties did not specify any time for its performance or duration. It is insisted by appellant that the evidence shows without dispute that the contract for the removal and processing of the sand and gravel located on the property of appellant was within the terms of the Statute of Frauds, and that there could be no recovery under it. We then must come to consider the question as to when an oral contract comes within the provision of the first subdivision of Title 20, Section 3.

For a thorough and lucid discussion of the application of Subsection 1, of the Statute of Frauds, to a particular contract we refer the reader to the case of W. P. Brown & Sons Lumber Co. v. Rattray, supra. From which we quote the following:

"Upon examination of our cases we find that this court has held that clause one of Section 8034, which declares void 'every agreement which, by its terms, is not to be performed within one year from the making thereof', applies 'only to such agreements as do not admit of performance according to their language and intention, within one year from the time they are made. It has no reference to such as may be construed to be capable of performance within that time, according to the intention of the contracting parties.'"

It is not necessary for our consideration of the propriety of the oral charge of the trial court excepted to by appellant, for us to determine, as a matter of law, whether the instant contract is void under the Statute of Frauds. As we see it, the only question involved is whether the trial court erred in deciding from the evidence, that the contract here did not contravene the Statute of Frauds and so charging the jury as a matter of law.

Under the authority of W. P. Brown & Sons Lumber Co. v. Rattray, supra, and under the state of the evidence presented in this case, we hold that the trial court committed error to reversal in charging the jury that "an oral contract of this kind is valid. It does not have to be in writing." Under the testimony it was a question for the jury to find from the evidence under proper instruction, that the agreement, while expressing no specific time within which the contract was to be completed, was not incapable of full and complete performance within one year from the time of its making. It was not for the court to charge as a matter of law. We quote the following from W. P. Brown & Sons Lumber Co. v. Rattray:

"We, therefore, hold that, under the evidence it was open to the jury, under proper instructions, to find that the contract sued on * * * did not fall within the first clause of the Statute of Frauds, Section 8034 of the Code."

Assignments of error 36, 37 and 38 will be considered together. They attack certain other portions of the court's oral charge which were duly excepted to. The impact of the charged error is that the court totally failed to charge the jury as to the measure of damages to be considered by them in arriving at their verdict. We are in agreement that the charge is well taken.

During presentation of the evidence, the trial court on motion of appellant excluded from the consideration of the jury testimony by a witness that the value of his labor was $10 a day. In its oral charge the court stated the following: "Now, gentlemen of the jury, I also charge you that under the evidence—that was excluded, about there was testimony, that Mr. William Lowery was entitled to his compensation, should be $10 a day. Well, I excluded that testimony, because I did not think there was any evidence to substantiate what his testimony was. You heard what he did, and it is up to you to decide, if you award it, include anything per day, and you heard his testimony how long, how many days that he worked. For that is another fact that you will decide. But I do want to again state that the $10.00 a day, they did not prove that."

■ The above quoted portion of the oral charge was duly excepted to by appellant, and assigned here as error. We believe it is clear that it was improper for the court to exclude a specific sum per day for the services of the witness from the consideration of the jury and then, in effect, instruct the jury that they could determine for themselves the value of his services without any measure of such value or proof of its reasonableness. Such an instruction to the jury leaves them open to pure speculation.

The record indicates that the trial court interrupted its oral charge to give certain written charges requested by the appellant. The effect of the given written charges was to remove from the consideration of the jury all of the evidence as to expenditures of plaintiffs, except for work and labor and certain services. Immediately after giving these written charges the oral charge was resumed as follows: "You have the right, you have heard the evidence, and you have the right to take into consideration those expenditures that were made by the plaintiffs in the operation, attempting to place and continue this gravel, sand and gravel washing outfit into operation, and it is for you to decide which you would consider, and that you are reasonably satisfied by the evidence that they are entitled to, and in the event that these plaintiffs are entitled to a verdict, and it is for you to decide." This portion of the oral charge was duly excepted to by appellant and assigned here as error.

■ We are of the opinion that after the giving of written requested charges, excluding from the consideration of the jury large and varied sums previously introduced into evidence as expenditures and elements of damage, to then follow with an oral charge granting carte blanche authority to the jury to consider expenditures, is to say the least, conflicting and confusing. It is error for the trial court to leave the jury in a state of confusion as a result of conflicting oral and written charges, and without instructions as to the proper measure of damages to be used in arriving at its verdict. Russell v. Thomas, 278 Ala. 400, 178 So.2d 556.

Having determined the presence of error to reversal we decline to discuss further the numerous remaining assignments of error of appellant. We deem it sufficient to state that they are either clearly not well taken or are so insufficiently argued in brief as to be considered waived under Rule 9, Supreme Court Rules.

Because of the error heretofore stated, it is the opinion of the Court that this case should be, and therefore, is hereby reversed and remanded.

Reversed and remanded.