Theresa Marcel Nuckolls Douglas County Counselor 808 Massachusetts Street Post Office Box B Lawrence, Kansas 66044-8996
Dear Ms. Nuckolls:
On behalf of the Douglas County Register of Deeds, you request our reconsideration of Attorney General Opinion No. 85-81. That opinion concluded that notwithstanding the option provided in K.S.A. 79-2004 for payment of real estate taxes in two installments, K.S.A. 19-1207(b) requires that such taxes be paid in full before a plat of the real estate involved may be recorded. You question whether the opinion failed to consider the word "owing" as used in K.S.A. 19-1207, instead focusing entirely on the term "due." According to the statute, the person filing a plat is required to pay only those taxes that are "owing" at the time of filing. You argue that taxes are not "owing" until the dates set forth in K.S.A. 79-2004 for payment.
You note that the Kansas Supreme Court has determined that "[t]axes are `owing' when there exists an obligation for their payment." State ofOklahoma, ex rel. Oklahoma Tax Commission v. H. D. Lee Co., 174 Kan. 114,118 (1953). You state that taxpayers are not obligated to pay their real estate taxes until December 20 and June 20 pursuant to K.S.A. 79-2004(a) and thus no part of the taxes are "owing" until December 20. We disagree with your position that taxpayers are not "obligated" to pay until December 20 and June 20. In our opinion, the obligation to pay arises when the tax becomes due; however, payment will not be considered delinquent until December 20 for the first half and June 20 for the second half of the taxes.
Several cases from other jurisdictions are in accord with this reading. In U.S. v. Automatic Heating Equipment Co.,181 F. Supp. 924, 928 (D.C.Tenn. 1960), aff'd 287 F.2d 885 (6th Cir. 1961), the court discussed the meaning of the terms "due" and "due and owing." The court stated that "[a] debt is often said to be due from a person where he is the party owing it . . . whether the time for payment has or has not arrived," and that a debt is due and owing if it remains unpaid. Id. Similarly, and more to the point for our purposes, the court in Mayor and Council of City of Baltimore v. Perrin, 12 A.2d 261, 263
(Md. 1940), held that under a statute requiring payment of taxes on motor vehicles "due and owing" as a prerequisite to registration, taxes were due and owing on January 1 (the date they became due), even though they were not considered to be in arrears until July 1. In re InternationalMatch Corp., 79 F.2d 203, 205 (C.C.A.N.Y. 1935), concluded that it is the time of accrual of the obligation to pay a tax rather than the time when the tax obligation is to be discharged by payment that determines when the tax is "due and owing." See also Ahrens-Rich Auto Co. v. Beck Corbitt Iron Co., 103 So. 556, 5567 (Ala. 1925) (term "due and owing" is equivalent to statutory averment "is still unpaid"). We have found no recorded legislative intent that would dictate a conclusion different from that arrived at by these various courts.
In conclusion, K.S.A. 19-1207(b) requires payment of all real estate taxes that are "due and owing" on land to be platted before the plat may be recorded. The term "due and owing" means due but not yet paid. Thus, notwithstanding the option provided in K.S.A. 1997 Supp. 79-2004 to pay half of the taxes on or before December 20 and the other half the following June, real estate taxes that are due and not yet paid must be paid in full at the time a plat of the real estate is filed for recording. Attorney General Opinion No. 85-81 is reaffirmed.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm